Smith *v.* Lint.

---

Smith, *complainant, versus* Lint.

A complaint under the bastardy Act is in the nature of a civil suit, and should be entered at the term of the Court for the transaction of civil business.

If, pending such complaint, and before a trial, the child dies, the putative father is, nevertheless, chargeable with the expenses prior to its death.

On Facts Agreed.

Complaint under c. 131, R. S., which was entered at the April term of the District Court for the trial of civil actions in 1852.

At that time there were separate terms fixed by law for the trial of criminal matters.

The child was born alive but died in August, 1852, at the age of eight months. The defendant was its admitted father.

Before pleading, the defendant filed a motion to have the prosecution dismissed, because it was entered at the civil and not at the criminal term of the court.

At the March term, 1854, of the Supreme Judicial Court, it was contended by the defendant that no further proceedings could be had on this process, the child having deceased before any trial in the case.

It was then agreed to submit the determination of the case to the full Court, upon the preceding facts, and if the process was rightfully entered and it is competent for the Court to make any order against the defendant, for the maintenance of said child, then the defendant to be heard as to the amount with which he shall stand charged.

*E. Abbott*, for defendant.

*A. Libbey*, for complainant.

APPLETON, J. — It has been decided that a complaint under the bastardy Act is to be deemed a civil suit, and as such it should be entered at the term held for the transaction of civil business. *Mahoney v. Crowley*, 36 Maine, 486.

The object of the statute relating to bastard children and their maintenance was to compel the putative father to aid in supporting his illicit offspring. The expenses for the maintenance of an illegitimate child commence at its birth. They include what may be necessary for its support and comfort. The liability of the father is coëxtensive with that of the mother and relates to the past as well as the future. The order of court, charging him with maintenance, embraces expenses which have been, as well as those which may be, incurred. The death of the child relieves the father from future support, but furnishes no discharge as to the past. If it were otherwise, if the order were prospective only in its operation, it would afford direct inducement for delay, as the longer the termination of the suit could be de-

ferred, the less would be the burthen imposed upon the father.

The R. S., c. 131, § 7, provides for filing a declaration and specifies the facts to be therein set forth, the proof of which are necessary for the successful maintenance of the suit. If, upon such declaration, the jury should find the respondent guilty, then, by § 9, "he shall be adjudged by the Court the father of such child, and stand charged with the maintenance thereof." All this may be done, whether at this time the child be living or not. The order of court may embrace the past and the future, or it may relate only to the past, as the exigencies of the case may require. *Kenniston* v. *Rowe,* 16 Maine, 38. Any other or different construction would limit and restrain the just and beneficial operation of this statute.

SHEPLEY, C. J., and TENNEY, RICE and CUTTING, J. J., concurred.