## Charles Lewis

*v.*

## The People *ex rel.* Louisa Goodman.

1. APPEAL—*lies from county to circuit court in bastardy case.* Under the Revised Statutes of 1874, an appeal lies from the county to the circuit court in bastardy cases, and it is proper to try the same *de novo.*

2. SAME—*from county to circuit court.* An appeal, for the purpose of a trial *de novo,* lies from the county to the circuit court in all cases where no appeal or writ of error is allowed to this court.

3. BASTARDY—*degree of proof required.* A prosecution for bastardy being merely a civil proceeding, the defendant may be found guilty on a preponderance of evidence, and it is no error to so instruct the jury.

WRIT OF ERROR to the Circuit Court of White county; the Hon. Tazewell B. Tanner, Judge, presiding.

Messrs. McDOWELL & McCLINTOCK, and Messrs. POLLOCK & KELLER, for the plaintiff in error.

Messrs. CREBS & CONGER, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the 28th day of October, 1874, Louisa Goodman filed a complaint before a justice of the peace, charging plaintiff in error with being the father of a bastard male child, of which she had been delivered. An examination was had by the justice, and plaintiff in error was recognized to appear at the next term of the county court. A trial was had therein, resulting in a verdict of not guilty, and he was discharged; but an appeal was taken to the circuit court, and, on a trial of the case by the court and a jury, a verdict of guilty was returned, and, after overruling a motion for a new trial, the court rendered the judgment required by the statute. A transcript of the record is brought to this court on error, and a reversal of the judgment is asked.

The first objection urged is, that the statute does not give an appeal from the county to the circuit court in this class of cases, and hence the latter court had no jurisdiction to try the case on appeal. A reference to the 187th sec. of chap. 37, R. S. 1874, p. 344, will show that an appeal is allowed from the county to the circuit court in all cases not otherwise provided for in the 188th section of the same chapter. When the latter section is examined, it is found that it provides for appeals and writs of error, directly to this court, from judgments for the sale of lands for taxes and special assessments, and from orders on applications by executors, administrators, guardians and conservators, for the sale of real estate, rendered by the county courts. These are the only cases provided for in that section, and hence are the only limitation of appeals to the circuit court. It then follows that, as this class of cases is not excluded, an appeal, in this case, was properly granted, perfected, and tried in the circuit court.

We are referred to *Peak* v. *The People*, 76 Ill. 289, as bearing on this question of jurisdiction of the circuit court on appeals in such cases. That case does settle the doctrine that where no appeal is given from the county court to the circuit court, a writ of error lies to this court, but error will not so lie when such an appeal is given to the circuit court. That case holds that, when an appeal is given to the circuit court, the case must come to this court through the circuit court. That case is an authority against the position assumed by plaintiff in error in this case.

It is next urged, that the court below erred in giving the second instruction asked by defendant in error. It is this:

"The court instructs the jury, that a mere preponderance of the testimony is sufficient, in this case, to determine their verdict, and if, from the evidence, they believe that the defendant, Charles Lewis, is the father of the child, they should so return in their verdict."

We are aware of no case which holds that anything more than a preponderance of evidence is necessary to sustain a verdict in a civil case. It has been held by this court, that the fact of paternity, in a prosecution of this kind, may be found on a preponderance of evidence, and that all reasonable doubts need not be excluded. This instruction requires that the fact should be proven by a preponderance of evidence. It is not like the instruction in *Peak* v. *The People, supra.* That instruction told the jury that it would be sufficient if evidence created probabilities in favor of the opinion, and that the weight of evidence inclined to that side of the question. The instruction in this case is unlike that. This does not authorize a finding on probabilities, but it requires it to preponderate in favor of the plaintiff. This is all the law requires in such a case. We fail to see that the two instructions are, in any respect, similar in substance or in form. Nor can we imagine that this instruction, especially when taken with the others, could have misled the jury.

It is also urged, that the verdict is not sustained by the evidence. As it appears to us, as embodied in the bill of exceptions, we think it preponderates in favor of the verdict. If the evidence of the prosecution were alone considered, it would not leave a doubt that plaintiff in error was the father of the child. It was for the jury to determine whether he had overcome the evidence on the part of the people, and they have found that he had not, and, we think, correctly. It is true that the prosecutrix made statements, out of court, inconsistent with a portion of her testimony, but she, frankly and without evasion, stated that she had, and gave the statements as they were testified to by others, and she gave reasons for so doing that seem to have been satisfactory to the jury, who saw her testify and had ample means of determining the weight of all the testimony.

It is also true that plaintiff in error denies, as positively as the prosecuting witness affirms, that he ever had coition with her. But it is manifest that he endeavored to give a coloring to his evidence, to make a false impression on the minds of the jury. There is evidence in the record tending to impeach his character for veracity.

All the evidence considered, we perceive no reason for disturbing the verdict. The judgment of the court below must be affirmed.

*Judgment affirmed.*