## PATRICK MAHER
### v.
## P. I. HUETTE.

1. REFUSAL TO SURRENDER PROPERTY—EXECUTION AGAINST BODY.— Before an execution can issue against the body of a debtor for a refusal to deliver up his estate, the statute providing for such an execution must be substantially complied with; there must be a demand for property and a refusal on the part of the debtor.

2. DEMAND.—Reading the execution to the debtor and asking him to pay or satisfy it, is not equivalent to a demand upon him to surrender his property to be levied upon for the purpose of satisfying such execution. The demand should be so specific as to fairly give the defendant to understand that if he fails to comply therewith, he will render himself liable to be arrested under the statute.

ERROR to the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed February 11, 1882.

The defendant in error recovered a judgment against the plaintiff in error, upon which execution was issued and placed in the hands of the sheriff, by whom it was afterwards returned unsatisfied. The defendant in error thereupon made his affidavit, and obtained an order based thereon for an execution against the body of his debtor, the plaintiff in error. The *ca. sa.* being issued, and the appellant arrested, he demanded a jury to try the question whether he was guilty of a refusal to surrender his estate.

He was found guilty in the county court, and upon his appeal to the circuit court, a like result followed on a trial by jury, and he sued out a writ of error from this court. The only evidence in the record that any demand was made upon him to surrender property in satisfaction of the execution, is the testimony of the sheriff, who testified on the trial in the circuit court, that he had the execution, and seeing Maher read the writ to him, and asked him to pay or satisfy it—thinks he asked him to satisfy it; and that Maher said he did not owe them anything, and turned and walked away. Being cross-examined, he further said: " That is the only time I saw Maher in regard to that execution. I read the execution over to him, and requested him to satisfy it, or pay it, or words to that effect. I think I asked him to satisfy it. I might have asked the defendant to pay it. I don't remember just what words I used; I read the execution over to him, and I thought that was demand enough. I don't think I used just the words to turn out any property or estate on this execution. I used words which I understood to mean the same thing; I asked him to pay it or satisfy it—I can't state which."

Mr. M. Y. Johnson and Messrs. D. & T. J. Sheean, for plaintiff in error; that there must be a demand upon the debtor, and as to what is a proper demand under the statute, cited Constitution, Art. 2, § 12; Rev. Stat. 1874, 622, § 4; Rev. Stat. 1874, 584, § 5; Tuttle v. Wilson, 24 Ill. 553.

The imprisonment is not for the debt, but as punishment for the wrong: Strode v. Broadwell, 36 Ill. 419; Malcom v. Andrews, 68 Ill. 104.

Mr. Edward L. Bedford, for defendant in error; that the refusal of the debtor may consist of acts as well as specific words, cited Keyld v. Hoyle, 6 Mo. 526; Fergus v. Hoard, 15 Ill. 361.

A demand for satisfaction is a sufficient demand for this purpose: Rockaby's Case, Clayt. 122; 1 Chitty's Pl. 158; White v. Thomas, 39 Ill. 231; Jones v. Wright, 71 Ill. 61.

Replying to the demand that he did not owe anything, and walking away, was a waiver by the defendant of any infor-

mality in the demand: 1 Bouv. Inst. 83; Inhabitants, etc. v.
Danbury, 3 Conn. 553; German Ins. Co. v. Ward, 90 Ill. 550;
Yust v. Martin, 3 Serg. & R. 428; Morton v. Rockey, 9 N.
W. Rep. 492; Weymouth v. Gorham, 22 Me. 385; Hean v.
Lodge, 20 Pick. 53.

When substantial justice has been done, a new trial will not
be granted on account of error in some of the instructions:
Hewitt v. Jones, 72 Ill. 218; McConnell v. Kibbe, 33 Ill. 175;
Root v. Curtis, 38 Ill. 192; Boynton v. Holmes, 38 Ill. 59;
Potter v. Potter, 41 Ill. 80; Watson v. Wolverton, 41 Ill. 241;
Clark v. Pagster, 45 Ill. 185; Pahlman v. King, 49 Ill. 266.

PILLSBURY, J. By stipulation filed, the only question sub-
mitted for our determination, is whether the demand made by
the officer is sufficient in law to authorize the issue of the exe-
cution against the body of the plaintiff in error. By section
12 of our bill of rights it is declared that, " No person shall be
imprisoned for debt unless upon refusal to deliver up his es-
tate for the benefit of his creditors, in such manner as shall be
prescribed by law, or in cases where there is a strong presump-
tion of fraud."

The legislature under the authority contained in the excep-
tions in the above section of the Constitution incorporated
into the act of 1872, entitled " Judgments and Decrees," sec-
tions 62 and 63, prescribing the manner in which, and under
what circumstances an execution can be issued against the
body of a defendant for the causes named in the exceptions in
said section of the constitution. By the sixty-second section,
before a judgment creditor can have execution against the
body of the execution debtor for a refusal to surrender his es-
tate, he must make an affidavit by himself, his agent or attor-
ney, stating that a demand has been made upon the debtor to
surrender his estate, goods, chattels, lands *and* tenements for the
satisfaction of such execution; and that he verily believes that
such debtor has estate, goods, chattels, lands *or* tenements not
exempt from execution, which he unjustly refuses to surren-
der, and shall present such affidavit to the judge of the court
from which the execution issued, or to any judge or master in

Maher v. Huette.

chancery in the same county, and obtain from such officer a certificate that probable cause is shown in said affidavit to authorize the issuing of an execution against the body of the debtor, and ordering such writ to issue, then upon filing such affidavit and order with the clerk, such writ shall issue against the body of the debtor. For the purpose of enabling the creditor to make such affidavit, Sec. 63 provides that the officer having such execution may demand any estate of the defendant not exempt from execution, whether the same be of such character that it can be levied upon and sold upon execution, or not.

These sections of the statute prescribe the method to be pursued to entitle the execution plaintiff to his writ against the body of the defendant, and it is apprehended that nothing less than a substantial compliance with the requirements of the statute will bring the debtor within the constitutional exception allowing his arrest and imprisonment. His being in debt does not subject him to arrest; neither does the fact that he suffers an execution to remain in the hands of the officer unsatisfied, when he is of sufficient ability to pay it. In such case it is clearly his duty to pay it, but a mere neglect of duty in this regard will not justify the creditor in resorting to the harsh measures provided by this statute, for the collection of his debt. The act of the debtor for which the constitution, and the statute enacted in pursuance thereof, permits the debtor to be arrested and imprisoned, is a *refusal* to deliver up his estate for the benefit of his ceditor, in the manner prescribed by law. This act of the debtor is in the nature of an offense against the law, and it should appear in the given case that all the elements required by the statute to render the act complete actually exist, before the debtor forfeits the right to invoke in his behalf the general guarantee of personal liberty, declared in said section of the constitution, and before he can be said to be brought within the exceptions named. The statute requiring the filing of an affidavit stating that a demand has been made upon the debtor to surrender his estate, etc., in satisfaction of the execution, and giving the officer authority to make such demand for and in behalf of the creditor, necessarily

Maher v. Huette.

implies that such a demand is an essential prerequisite to the right of the creditor to have the body of his debtor taken in execution. It is a part of the statutory proof required to make the debtor guilty of a *refusal* to deliver up his estate for the benefit of creditors within the meaning of the constitutional provision. We do not think that the demand made by the officer in this case is a substantial compliance with the statute. Reading the execution to a debtor, and asking him to pay or satisfy it, is not equivalent to a demand upon him to surrender his property to be levied upon for the purpose of satisfying such execution. We think the demand, to be sufficient under the statute, should be so specific, clear and comprehensive, as to fairly give the defendant to understand that if he fails to comply therewith he will render himself liable to be arrested and imprisoned under the statute, for a refusal, having property subject to the execution, to surrender the same to the officer, to be levied upon and sold under the writ of execution.

The Supreme Court in the case of Tuttle v. Wilson, 24 Ill. 553, a case arising under the statute of 1845, which was silent as to the necessity of a demand upon the debtor for property, held, that a personal demand upon him to turn out property, must be made when it was practicable to make such demand, and that an affidavit that did not allege that such demand had been made, nor aver any excuse for not doing so, was fatally defective, and the writ founded upon such affidavit, was void.

The justness of the rule requiring a demand for the production of property to be levied on and sold in satisfaction of the execution, before a debtor should be incarcerated for a failure to satisfy the writ, was so apparent, that the legislature when revising the general statutes, made it a statutory rule. Whether under our present statutes any facts or circumstances could be shown as an excuse for not making a personal demand, we do not now decide, as the question does not arise in the case. The affidavit avers a demand was made as required by the statute, and the question submitted is, was such demand as shown by the evidence, sufficient? In our opinion it was not, and we therefore reverse the judgment and remand the cause.

                                        Judgment reversed.