## The People, etc.,

v.

## William Smith.

BASTARDY—DEATH OF MOTHER.—In an action brought under the Bastardy Act, it is error to dismiss the suit on account of the death of the prosecuting witness.

ERROR to the Circuit Court of Iroquois county; the Hon. Franklin Blades, Judge, presiding. Opinion filed December 4, 1885.

Messrs. Doyle & Morris, for appellant.

Mr. T. B. Harris, for appellee.

LACEY, P. J. This was a proceeding under the Bastardy Act, commenced on complaint of Sarah Carroll, before a justice of the peace, before whom defendant in error entered into recognizance to appear before the county court, which was filed therein April 13, 1883. Afterward appellee appealed the cause

from the county court to the circuit court, and filed his appeal bond in the county court, November 8, 1884.

In the circuit, the appellee moved the court to dismiss the proceedings on account of the death of the prosecuting witness, and to suppress her deposition taken just prior to her death, and for an order on the county court to certify judg_ment in accordance with the facts. The court thereupon dis_missed the proceedings on account of the death of the prosecuting witness, to which action of the court plaintiff in error at the time excepted.

The bill of exceptions shows that the death of the prosecuting witness was admitted. The plaintiffs in error bring the record to the court on error, and assign for error the action of the court in dismissing the cause on account of the death of the prosecuting witness, and that is the question to be decided by this court.

The fact of the death of the prosecuting witness was no sufficient ground for the dismissal of the suit, as was held in the case of The People v. Nixon, 45 Ill. 353, which was a case similar to this.

The court in that case held this language : " The object of the prosecution under the Bastardy Act is to compel the father to secure the public as well as the mother against liability for the support of the child. The action is in the name of the People of the State of Illinois. The mother is not a beneficiary, nor is a party to the record, although allowed to control the suit and made liable for the costs in case the defendant is discharged. The mother not being a party, there is no technical reason for the abatement of the suit, and its prosecution may be more important to the public than if the mother had not died." In the case of Hauskins v. The People, 82 Ill. 193, the court held the death of the child was not sufficient ground to abate the suit, but that the father of the child should be held to pay to, and reimburse the mother for advances made by her during the time she kept the child. It was also said in that case, quoting former cases, that "it has been well settled in this State that an action of this character is of a civil and not of a criminal nature, and the mother of the child has an interest therein as well as the people."

So that it seems that neither the death of the mother, nor the child, is sufficient ground for dismissal. The people have an interest in the prosecution after the death of the mother, in order to save them from a possible support of the child, and the mother, for the purpose of compelling reimbursement for advances. We are satisfied with these decisions, and are bound by them, and therefore can not consider the arguments of counsel against the reason of them. It is claimed in argument that there were other grounds for dismissal, as shown by the motion and the record, and that this court should presume that proceedings were properly dismissed. We observe, however, that the bill of exceptions shows that the suit was dismissed on account of the death of the prosecuting witness. That must govern us in this matter. The bill of exceptions always governs the record and controls.

Judgment of the court below is reversed and cause remanded.

Reversed and remanded.