ROBERT A. ROGERS
v.
THE PEOPLE OF THE STATE OF ILLINOIS.

*Bastardy Proceedings—Appeal—To What Court.*

An appeal does not lie direct to this court from the judgment of a County Court in a bastardy proceeding under the statute.

[Opinion filed February 4, 1890.]

APPEAL from the County Court of Gallatin County; the Hon. EDWARD D. YOUNGBLOOD, Judge, presiding.

Messrs. PILLOW & PARISH, for appellant.

Mr. W. R. McKERNON, for appellee.

PHILLIPS, J.    This is a proceeding against appellant for bastardy.

Before examining into the merits of the case it is material to determine whether an appeal will lie direct from the County Court to this court in cases of this kind. By Sec. 240 of Chap. 37, Starr & C. Ill. Stats., appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties, in all matters, except as provided in the following section.

Sec. 241 provides: "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the County Court to the Supreme Court, or Appellate Court, in proceedings for the confirmation of special assessments, in proceedings for the sale of land for taxes and special assessments, and in all common law and attachment cases, and in cases of forcible detainer, and forcible entry and detainer."

Under these two sections of the statute it was held by the Supreme Court in Holcomb v. The People, ex rel., 79 Ill. 409, that the appeal in bastardy proceedings must be taken from

the County Court to the Circuit Court, and a trial *de novo* be there had.

That decision was followed in Lewis v. The People ex rel. Goodman, 82 Ill. 104; Hauskins v. The People, 82 Ill. 193; Stanley v. The People, 84 Ill. 212.

Sec. 8 of an act entitled, "An act to establish Appellate Courts," approved June 2, 1877, provides: "The said appellate courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction in all matters of appeal or writs of error from the final judgments, orders or decrees from any of the circuit courts, or the Superior Court of Cook County, or from the city courts, in any suit or proceeding. at law, or in chancery, other than criminal cases, and cases involving a franchise or freehold, or the validity of a statute."

After this enactment it was held by the Supreme Court in Rawlings v. The People, 102 Ill. 475, that appeals should be taken from the County Court to the Circuit Court in bastardy proceedings. Under the statute as it then stood with these three sections in force, jurisdiction of circuit courts in bastardy proceedings, by appeal from county courts, were sustained in numerous cases on appeal from circuit courts to appellate and supreme courts. By an act approved June 6, 1887, amendatory of Sec. 8 above, it was amended so as to read: "The said appellate courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts or the Superior Court of Cook County, or county courts, or from the city courts, in any suit or proceeding at law, or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold, or the validity of a statute."

Under this amendment it may be insisted that appeals from county courts to the Appellate Court, in bastardy proceedings, are provided for. The appeals provided for by that amendment are "in any suit or proceeding at law, or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold, or the validity of a statute."

A bastardy proceeding is not a proceeding in chancery, and as held by the Supreme Court in Rawlings v. The People, *supra*, it is not a common law nor a criminal proceeding; it is a proceeding purely statutory, and is not embraced in the amendatory act of 1887. It stands in the same class of appeals as appeals under the act providing for voluntary assignments.

Appeals under the bastardy act and voluntary assignment act are, by Sec. 240, above cited, to be taken to circuit courts, and are not affected by the amendment of 1887, above cited. To hold otherwise would, by implication, repeal Sec. 240 above. Repeal by implication is not favored.

The amendment of 1887 seems to have been enacted to make Sec. 8 of the Appellate Court Act in conformity with Sec. 241 above in reference to county courts, and not a repeal of Sec. 240. We hold that an appeal in a bastardy case can not be taken from a probate or county court to this court direct, but lies to the Circuit Court. The appeal is dismissed.

*Appeal dismissed.*