## THOMAS S. LEE

*v.*

## THE PEOPLE *ex rel.* Alice A. Davault.

*Filed at Mt. Vernon March 28, 1892.*

1. APPEAL—*in bastardy proceedings.* Since the amendment of the eighth section of the Appellate Court act, an appeal from the judgment of the county court in a bastardy proceeding lies directly to the Appellate Court.

2. SAME—*section 8 of Appellate Court act construed.* The amendment to section 8 of the Appellate Court act, giving that court jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of the county court, in any suit or proceeding at law or in chancery other than criminal cases not misdemeanors, etc., operates as an amendment to section 88 of the Practice act, and should be read and construed as a part thereof.

APPEAL from the Appellate Court for the Fourth District ;— heard in that court on appeal from the County Court of Union county; the Hon. M. C. CRAWFORD, Judge, presiding.

Mr. A. NEY SESSIONS, and Messrs. KARRAKER & LINGLE, for the appellant:

The cases cited by the Appellate Court are not in point. *Holcomb* v. *People,* 79 Ill. 409; *Lewis* v. *People,* 82 id. 104; *Hauskins* v. *People,* id. 193; *Stanley* v. *People,* 84 id. 212.

A statute must be construed so that all its parts may stand, if possible.    *Fowler* v. *Perkins,* 77 Ill. 271.

Mr. W. C. MORELAND, for the appellee:

*Rogers* v. *People,* 34 Ill. App. 448, *Lewis* v. *People,* 82 Ill. 104, *Hauskins* v. *People,* id. 193, and *Stanley* v. *People,* 84 id. 212, all decide that appeals in bastardy cases lie directly from the county court to the circuit court, and not to the Appellate Court.

This same question was presented directly to this court, and the holding then was, that the appeal should have been taken from the county court to the circuit court.    In *Scharf* v. *People,* 134 Ill. 240, the same doctrine is laid down by the Supreme Court.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question here is, whether an appeal lies directly to the Appellate Court from a judgment of the county court in a prosecution for bastardy, or must it be prosecuted to the circuit court of the county.    In *Lewis* v. *The People,* 82 Ill. 104, we held that section 187 of chapter 37 of the Revised Statutes of 1874 allowed an appeal from the county court to the circuit court in all cases not otherwise provided for in the 188th section of the same chapter; that the latter section provided for appeals or writs of error only in judgments for the sale of lands for taxes and special assessments, and from orders on applications by executors, administrators, guardians and conservators for the sale of real estate, and so, not including prosecutions for bastardy, they are necessarily within the

187th section, and the appeal in such case must be to the circuit court, alone. That ruling was followed in *Hauskins* v. *The People*, 82 Ill. 193, and *Stanley* v. *The People*, 84 id. 212. The ruling seems to have been recognized by the court in *Scharf* v. *The People*, 134 Ill. 246, wherein it was said the defendant was permitted the verdict of two juries. But that remark was entirely *obiter*, as there was nothing in the case then before the court calling for it.

Since the decision in the *Lewis case*, and other cases decided upon the ruling in that case, the General Assembly has created the Appellate Court, and by an amendment to section 8 of that act it is now provided that the Appellate Court "shall have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the *   *   * county courts, *   *   * in any suit or proceeding at law or in chancery other than criminal cases not misdemeanors," etc. (Laws of 1887, p. 156.) This operates as an amendment of section 88 of the Practice act, and it should be read and construed as a part thereof. When it is so read, it is plain the effect is to give the appeal in the bastardy case direct to the Appellate Court, for although a bastardy proceeding is not a suit at common law, it is clearly "a proceeding at law." The manifest purpose is to make the appeal, in all cases enumerated, from the final order, judgment or decree of the county court to the Appellate Court.

The Appellate Court erred in dismissing the appeal, and for that error its judgment is reversed and the cause is remanded.

*Judgment reversed.*