## Lyman Stivers

### v.

## The People of the State of Illinois ex rel.

*Bastardy—Appeal and Error.*

1. An appeal lies directly, in bastardy cases, to the Appellate Court, from the judgment of a County Court. The Circuit Court has no jurisdiction of an appeal in such case.

1. Appeals not being allowable under the common law, the terms of the statute must be complied with when it is sought to take such step.

[Opinion filed June 26, 1893.]

Appeal from the Circuit Court of Lawrence County.

Mr. James S. Pritchett, for appellant.

Messrs. Gee & Barnes, for appellees.

Mr. Justice Green. This was a proceeding under the Bastardy Act, in which appellant was charged by Mary Belles with being the father of her illegitimate child. In the County Court the jury found against him, and the court entered judgment on the verdict. Defendant took an appeal to the Circuit Court, which was dismissed on the

ground the appeal should have been taken directly to this court.

Appellant assigns for error this ruling and decision, insisting, the right of appeal from the County Court to the Circuit Court in cases of this character, has been fixed by numerous decisions of our Supreme Court. Lewis v. The People, 82 Ill. 104; Hauskins v. The People, Ibid. 193; Stanley v. The People, 84 Ill. 212, and Scharf v. The People, 134 Ill. 240, are cited and relied on as authority supporting this contention. The decision in each of these cases, so far as the same affects this contention, will be found to have been overruled in Lee v. The People, 8 N. E. Rep. 690. In the opinion reference is made to the cases of Lewis v. The People, Hawkins v. The People, and Stanley v. The People, and it is there said :

" The ruling seems to have been recognized by this court in Scharf v. People, 134 Ill. 246, wherein it is said the defendant was permitted the verdict of two juries. But that remark was entirely *obiter*, as there was nothing before the court calling for it. Since the decision in the Lewis case and other cases decided upon the ruling in that, the General Assembly has created the Appellate Court, and by an amendment to Section 8 of that act (Rev. Stat. 1891, Sec. 25, Chap. 37,) it is now provided that the Appellate Court ' shall have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the * * * County Courts * * * in any suit, or proceeding at law, or in chancery, other than criminal cases not misdemeanors.' This operates as an amendment of Section 188 of the Practice Act, and should be read and construed as a part thereof. When it is so read it is plain the effect is to give the appeal in the bastardy case direct to the Appellate Court; for although a bastardy proceeding is not a suit at common law, it is clearly ' a proceeding at law.' The manifest purpose is to make the appeal in all cases enumerated, from the final order, judgment or decree of the County Court to the Appellate Court."

The foregoing is the latest ruling of the Supreme Court

upon the material question presented here, and is decisive of this case. The Circuit Court had no jurisdiction and this court acquired no jurisdiction of the case, by the appeal from that court.

Appeals were not granted at common law, and it is only by the statute such remedy is furnished to a litigant defeated in the trial court. And to avail himself of it he must comply with the provisions of the statute prescribing the mode of taking an appeal, and take it to the court designated. To give this court jurisdiction in this case, the appeal should have been taken from the County Court directly to this court. This was not done, and the statutory requirement was not complied with, hence we must dismiss the appeal.

*Appeal dismissed.*