## Huntington, Trustee, etc., v. Metzger.

1. ARREST—*In Civil Case.*—In order to justify a resort to arrest, all the provisions of law relating thereto must be fully complied with.

2. ARREST—*Refusal to Surrender Estate.*—Where the issue is upon the alleged refusal of the debtor to surrender his estate, the court may look to the proceedings by which the debtor was called upon to so surrender.

GARY, J., dissenting.

3. ARREST—*Capias ad Satisfaciendum Not a Writ of Right.*—The law does not make the issuing of a writ of *capias ad satisfaciendum* a right depending upon the will and action of the execution plaintiff; on the contrary, it contemplates that the sheriff and some judicial officer shall each be in some manner responsible for the existence of such writ.

4. ARREST—*Body Execution—Sheriff's Return on Property Execution.*—Under Sec. 62 of Chap. 77, R. S. Ill., providing that "if upon the return of an execution unsatisfied in whole or in part, the judgment creditor, or his agent or attorney, shall make an affidavit," etc., a writ of *capais ad satisfaciendum* may issue. The sheriff's return must be made upon his own responsibility, and not because of an order of the plaintiff.

**Memorandum.**—Insolvent debtor's act. Error to the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

ALDRICH, PAYNE & DEFREES, attorneys for plaintiff in error.

FRANCIS A. RIDDLE, attorney for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Defendant in error obtained, in the Circuit Court of Cook County, judgment against plaintiff in error for $26,493.23; upon this, on the 12th day of June, 1893, execution was issued and placed in the hands of the sheriff of said county.

Upon this writ the sheriff made the following return:

"I did, on the 23d day of June, 1893, demand of the within named defendant, William G. Metzger, that he pay this execution, or that he surrender sufficient of his estate, goods, chattels, lands and tenements for the satisfaction of this writ, and I also informed him that if he failed to comply with said demand, he would be liable to arrest upon an execution against his body, and he having failed to satisfy this writ, or any part thereof, and not being able to find any property in my county on which to levy this writ, I therefore return the same, no property found and no part satfied at this 28th day of June, 1893.

James H. Gilbert, Sheriff.

John W. Westerfield, Deputy."

Thereafter, the plaintiff, in pursuance of the provisions of Sec. 62 of Chap. 77 of the Revised Statutes, procured an order for the arrest of the defendant, who, upon being taken into custody, applied to the County Court of said county for a discharge under the provisions of chapter 72 of the Revised Statutes, entitled "Insolvent Debtors." The issue there made was whether he had refused to surrender his estate for the payment of said judgment.

A good deal of testimony was taken and evidence heard upon this issue, the County Court finally ordering the prisoner's discharge, from which order this appeal is prosecuted.

The statute authorizing the filing of creditors' bills is in part as follows:

"Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or in equity, and shall have been returned unsatisfied in whole, or in part, the party suing out such execution may file a bill in chancery against such defendant," etc.

Under this statute this court held, in Sheubert v. Honel et al., 50 Ill. App. 597, that a creditor's bill could not be maintained when it appeared that the return of the writ unsatis- fied was made by order of the plaintiff in the execution, and this court there said: "The return must be the act of the sheriff, on his own responsibility, and not by direction of the plaintiff."

In Durand & Co. v. Gray et al., 129 Ill. 9, the Supreme Court say that to authorize the filing of a creditor's bill, based upon an unsatisfied judgment, it must appear that an execution has been issued and that it has been returned by the proper officer unsatisfied by reason of his inability to find property whereon to levy.

The statute, by virtue of which writs of *capias ad satisfaciendum* are issued, Sec. 62, Chap. 77, is in part as follows: " If, upon the return of an execution unsatisfied in whole or in part, the judgment creditor, or his agent or attorney, shall make an affidavit," etc.

The two statutes as to the provisions for the return of an execution unsatisfied are almost identical, and what is required in this regard in one case must be in the other.

Upon the trial in the County Court, it appeared that the attorneys of the plaintiff in the said judgment gave to the sheriff who had the writ of *fieri facias* the following order:

" Huntington v. Metzger, Circuit Court. The sheriff will return the execution in the above entitled cause, no property found and no part satisfied.

July 28, 1893.

ALDRICH, PAYNE & DEFREES."

The return of the sheriff was made upon the same day.

The constitution of this State provides, Sec. 12, Art. 2, that " no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud."

The courts have uniformly held that in order to justify a resort to arrest, all the provisions of law relating thereto must be fully complied with. Maher v. Huette, 10 Ill. App. 56.

While it is true that in the case under consideration the issue joined was upon the alleged refusal of the debtor to surrender his estate, yet we think that upon such issue the court may look at the proceedings by which the debtor was called upon to so surrender.

What passed between the sheriff and appellee when the

demand was made, we do not know, other than that the defendant failed to satisfy the writ or any part thereof. We are not prepared to hold that the sheriff, having made demand, and the debtor having failed to satisfy the writ or any part thereof, the execution plaintiff may at once direct and have a return of the writ, no part satisfied and no property found, and thereupon, upon filing the statutory affidavit, becomes entitled to an order of arrest.

The law does not make the issuing of a writ of *capias ad satisfaciendum* a right depending upon the will and action of the execution plaintiff; on the contrary, it contemplates that the sheriff and some judicial officer shall each be in some manner responsible for the existence of such writ. The sheriff's return must be made upon his own responsibility, and not because of an order of the plaintiff, just as the judge or master acts upon his responsibility in ordering the issuance of an execution against the body.

The order of the County Court is therefore affirmed.

MR. JUSTICE GARY.

I dissent from the opinion of the majority of the court.

In my judgment the County Court had no concern with any question whether the *ca. sa.* was providently or improvidently issued, but only whether in fact the appellee had or had not refused to surrender his property. The County Court does not sit in review of the act of whatever officer ordered the issuance of the *ca. sa.*

On the question made by the appellee that an appeal from the County Court should have been to the Circuit Court and not to this court, I speak for the whole court, and refer to Union Trust Co. v. Trumbull, 137 Ill. 146, and Lee v. People, 140 Ill. 536, as affirming the jurisdiction of this court.