## Illinois Malleable Iron Company v. Richard Graham et al.

1. CREDITOR'S BILL—*Sufficiency of Sheriff's Return.*—A sheriff is not required to hold an execution for its whole life of ninety days; he may return it upon his own volition at any time after he has made a demand upon the defendant for property to satisfy it; but his return must be his own act and upon his own responsibility, not by the direction of the plaintiff in the writ, unless after demand.

2. SAME—*Return of Execution by Order of Plaintiff.*—After demand upon the debtor and a refusal by him to pay or turn out property, the sheriff may return the writ, if he is unable to find property out of which to satisfy all or any part of the debt, without waiting the full ninety days. And whether he is directed to make such return by the plaintiff or not, can make no difference on the question of the exhaustion of legal remedies, the other conditions—demand, refusal and no property found, being met.

3. SAME—*Exhaustion of Legal Remedies.*—A return by the sheriff which recites that a personal demand has been made and no property turned out or found, is the highest evidence the law affords of the fact that the legal remedies of the plaintiff have been exhausted, and is a

sufficient return to confer jurisdiction in equity to maintain a creditor's bill.

4. SHERIFF'S RETURN—*Validity Not Affected by Plaintiff's Order to Make.*—There must be a *bona fide* effort on the part of the sheriff to satisfy the execution, and after a demand upon the execution debtor for, and a refusal by him to turn out property to satisfy the debt, the superadded fact that the return was hastened by direction of the plaintiff does not affect the force or validity of the sheriff's official return.

5. SAME—*Where a Capias Against the Body Depends.*—A stricter rule applies in cases where a capias against the body of a defendant depends upon the return of an execution, than where the return is for the purposes of furnishing the basis for a resort to equitable proceedings by a creditor's bill.

Memorandum.—Creditor's bill. In the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Bill dismissed upon the hearing of a plea; appeal by complainant. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed November 12, 1894.

APPELLANT'S BRIEF, C. A. ALLEN, ATTORNEY.

"A creditor's bill should be dismissed when it is apparent that no *bona fide* attempt has been made by the officer to find property to satisfy the judgment. As the basis for a creditor's bill, an execution upon the judgment should be, in good faith, issued, and should be returned unsatisfied by the officer, upon a reasonable and actual, but ineffectual effort to find property. If the return shows on its face a failure in this respect, there is no foundation for equity jurisdiction." Bassett v. Orr, 7 Biss. (U. S. C. C.) 296.

E. A. OTIS, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant filed a creditor's bill in the Circuit Court on January 13, 1894, based upon a judgment in its favor for $1,531.79 and costs, recovered against the appellee, Richard Graham, on November 22, 1893, and return of an execution thereon unsatisfied. The bill alleges that the execution on the judgment was issued November 23, 1893, and delivered to the sheriff on November 24th, and that a return thereon was made January 10, 1894, in the following words:

" I have demanded of the within named defendant, Richard Graham, on the third day of January, 1894, money or property to satisfy this writ, and he having failed to satisfy the same or any part thereof, and not being able to find any property in my county on which to levy, I therefore return the same, no property found and no part satisfied, this 10th day of January, 1894.

JAMES H. GILBERT, Sheriff.

By HENRY SPEARS, Deputy."

To the bill, the defendants, Richard Graham and Jennie Graham, filed their joint and several pleas, alleging, as set out in the abstract of record filed herein, as follows : " That the execution upon the judgment in favor of the complainant, and against the defendant, Richard Graham, described in the bill in this cause, was issued on the 23d day of November, 1893, and was directed to the sheriff of Cook County, Illinois, and was delivered to him on the 24th day of November, 1893, and commanded him to collect the money therein described, and to make a return of his proceedings in that regard in ninety days from the date of said execution; that afterward, and before the expiration of the ninety days during which the said sheriff was so authorized by law to make the money therein mentioned, and on the 10th day of January, 1894, the said complainant, by its authorized attorney, ordered the said sheriff in writing to immediately return the said execution, no property found and no part satisfied, which said order, so given by said complainant and said sheriff, was in words, letters and figures following, viz.:

18,438    ILL. MALLEABLE IRON Co. ⎫  Court.
45,652              vs.             ⎬  Gen. No. 119,976.
119,976       RICHARD GRAHAM.       ⎭

The sheriff will return the execution in the above entitled cause, no property found, and no part satisfied, forthwith.

January 10, 1894.

C. A. ALLEN, plaintiff's attorney.

Plea further alleges that, pursuant to the order of the said complainant so given, and not otherwise, the said sher-

iff on said 10th day of January, 1894, returned said execution unsatisfied, as in said bill stated and set forth.    The cause was subsequently set down for hearing in the court below upon the bill and the plea, and the bill was dismissed for want of equity.    The correctness of that judgment is the question involved in this appeal.

Counsel for appellees say in their brief: " It is insisted in behalf of the appellees in this case, that every question which can possibly arise upon this record has been  disposed of so far as this  court is concerned, by the case  of Scheubert v. Honel, 50 Ill. App. 597." The decision of this court in the case referred to having been affirmed by the Supreme Court in an opinion filed at the October term, 1894, what was there decided is now the law of this State applicable to all like cases.    But there is a  clear distinction between that case and this.

There the return of the execution was made without any demand on the execution debtor having been made by the sheriff, and without any effort having been made by the sheriff to collect the execution, and without any opportunity having been afforded to the debtor to pay the execution, and was made in pursuance of the direction of the plaintiff to the sheriff to return the writ forthwith, no property found and no part satisfied, indorsed on the writ simultaneously with the return of the sheriff.

We held, and so has the Supreme Court, that such a return was the act of the plaintiff, and that in making the return the sheriff exercised no volition or responsibility whatever; and that such a return failed to evidence the exhaustion of legal remedies which alone affords jurisdiction to equity.

A repetition of the argument of that decision is unnecessary for the very reason that the facts here are essentially unlike those in that case.

Here it appears on the face of the return to the writ, that personal demand on the defendant in the writ to turn out money or property to satisfy it, was made and refused, and that the sheriff was unable to find any property on which to levy, and therefore he returned the writ:

The return was not made until the execution had been in the hands of the sheriff forty-eight days, which was more than one-half of the life of the execution.

That the sheriff is not required to hold the writ for its whole life of ninety days, and that he may return it upon his own volition at any time after he has made a demand upon the debtor, is settled. Bowen v. Parkhurst, 24 Ill. 259; First Nat. Bank v. Gage, 79 Ill. 208; Scheubert v. Honel, 50 Ill. 597.

But the return must be the act of the sheriff and on his own responsibility, and not by direction of the plaintiff in the writ unless after demand.

After demand upon the debtor and a refusal by him to pay or turn out property, the sheriff may return the writ if he be unable to find property out of which to satisfy all or any part of the debt, without waiting the full ninety days of the life of the writ, and whether he be directed to make such return by the plaintiff or not can make no difference on the question of the exhaustion of legal remedies, the other conditions being met—demand, refusal and no property found—as they were in this case.

It is necessary that there should be a *bona fide* effort made by the sheriff to make the execution.

A return by the sheriff which recites that personal demand has been made, and no property turned out or found, is the highest evidence that the law affords of the fact that the legal remedies of the plaintiff have been exhausted, and is a sufficient return to confer jurisdiction in equity to maintain a creditor's bill.

Under such conditions the superadded fact that the return was hastened by direction of the plaintiff's attorney does not affect the force or validity of the sheriff's official return.

The return shows on its face a demand on the defendant made by the sheriff seven days before the return of the writ and the inability of the sheriff to find property whereon to levy. Such a return is in all essentials different from the return that was made in the case of Scheubert v. Honel, *supra.*

In the case under consideration the return clearly showed that the complainant had exhausted his legal remedies in the manner pointed out in Russell v. Chicago T. & S. Bank, 139 Ill. 538, and such efforts proving unavailing, he had the right to have the sheriff return the execution unsatisfied, as was there said.

In the Scheubert case there was no demand on the defendant and no return that the sheriff was unable to find property, and it appeared by the return of the sheriff and the direction of the plaintiff indorsed on the execution, read together, that the return on the execution was in substance the act of the complainant, "and that in making the return the sheriff exercised no responsibility whatever," and "that the execution had been returned merely because the sheriff ·had been instructed to make such return." Scheubert v. Honel (Supreme Court opinion).

In our opinion, a stricter rule applies in cases where a° capias against the body of a defendant depends upon the return of an execution than where the return is for the purposes of furnishing the basis for a resort to equitable proceedings by way of a creditor's bill, and therefore we do not regard the case of Huntington v. Metzger, 51 Ill. App. 222, as an authority contrary to the conclusion reached here.

The judgment of the Circuit Court should therefore be reversed and the cause remanded.

GARY, J.   I dissent from both ends of the foregoing opinion—as to the sufficiency of the return, being by order of the plaintiff, and as to any difference as to its sufficiency, because of statutory remedy which may be based upon the return.