Thacker v. The People.

---

## Walter G. Thacker v. The People, etc.

1. APPEALS—*In Bastardy Cases*.—Appeal from judgments of the County Court in bastardy proceedings can not be taken to the Circuit Court, but should go directly to the Appellate Court.

**Bastardy.**—Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1896. Order affirmed. Opinion filed December 19, 1897.

ANDERSON & BELL, attorneys for appellant.

EDWARD C. KNOTTS, State's attorney, PEEBLES & PEEBLES, and CHARLES C. TERRY, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a complaint for bastardy, on hearing which the justice required of the defendant a bond for his appearance to the County Court. On the trial there he was found to be the father of the child, on which finding the statutory

judgment was entered, and he appealed to the Circuit Court. That court, on motion of appellee, dismissed the appeal for want of jurisdiction, and for a review of that order the defendant has brought the record here.

In some cases prior to that of Lee v. The People, 140 Ill. 536, it was held that under sections 122 and 123 of the County Court Act, the appeal from that court in a bastardy proceeding lay to the Circuit Court. But in that case the court held that the provisions of that act, so far as they authorized it, were overridden, and by implication repealed by Sec. 8 of the Appellate Court Act, as amended by section 88 of the Practice Act, and exclusive jurisdiction on appeal in such a proceeding given to this court.

Subsequently, that case was overruled in Stivers v. The People, which, for some reason, has never been officially reported, though it appeared in 38 N. E. Repr. 584. But still later, we think its authority was restored by the opinions in Grier v. Cable, 159 Ill. 29 (p. 34), and Lynn v. Lynn, 160 Id. 307 (313). The order appealed from was therefore proper and will be affirmed.