PEOPLE *v.* GRUNLAND.

1. BASTARDY—PAYMENT—DEATH OF CHILD—CRIMINAL LAW—DISMISSAL.

Upon the death of the alleged bastard in bastardy proceedings, the same do not end, but respondent continues liable for expenses of the care and death of the child and its maintenance during its lifetime.[1]

2. SAME—EVIDENCE—EXPENSES.

What the expenditures in any given case may have been is a proper and necessary subject of inquiry on the trial to enable the court to fix the amount to be ordered to be paid; if no proofs were taken to ascertain the actual expenses of care and support of the child, an order fixing the sum of $150 to be paid by respondent was unauthorized and must be vacated.

Certiorari to Houghton; O'Brien, J. Submitted April 23, 1915. (Docket No. 122.) Decided June 14, 1915.

Jacob Grunland was convicted of the charge of bastardy and brings certiorari. Affirmed in part and reversed as to the amount of judgment, with leave to take further proceedings.

*William J. Galbraith,* Prosecuting Attorney, for the people.

*Burritt & Burritt,* for respondent.

BIRD, J. The principal question for solution in this case is whether bastardy proceedings abate upon the death of the child. The complainant, Alvera Stone, made a complaint on the 16th day of July, 1914, under section 5901 *et seq.,* 2 Comp. Laws (2 How. Stat. [2d

---

[1] As to abatement of bastardy proceeding by death of the child, see note in 30 L. R. A. (N. S.) 1168.

Ed.] § 4986 *et seq.*), charging respondent with being the father of her child. The child was born on April 19, 1914. The respondent was arrested and held for trial in the circuit court. After that, but before the trial, the child died. After the testimony was taken at the trial, which took place in September, 1914, it appearing that the death of the child occurred on August 31, 1914, respondent moved the court for an order dismissing the case. The court denied this motion, and the question of the paternity of the child was left to the jury, and they returned a verdict of guilty. The trial court thereupon made an order requiring respondent to pay $150 for the use and benefit of complainant.

1. While this precise question has never been passed upon by this court, other State courts whose filiation statutes, like our own, were passed for the purpose of protecting the public against the necessity of supporting illegitimate children, have held that the proceedings thereunder were not abated by the death of the child. *Hauskins* v. *People*, 82 Ill. 193; *Smith* v. *Lint*, 37 Me. 546; *Meredith* v. *Wall*, 96 Mass. (14 Allen) 155; *Hanisky* v. *Kennedy*, 37 Neb. 618 (56 N. W. 208).

The reasons for this holding are well expressed in *Smith* v. *Lint, supra*, where it is said:

"The expenses for the maintenance of an illegitimate child commence at its birth. They include what may be necessary for its support and comfort. The liability of the father is co-extensive with that of the mother, and relates to the past as well as the future. The order of court, charging him with maintenance, embraces expenses which have been, as well as those which may be, incurred. The death of the child relieves the father from future support, but furnishes no discharge as to the past."

In the instant case the child lived 4 months and 11 days. More or less expense must have been neces-

sarily incurred by some one during that period. Had the child lived, the liability of the respondent covering this period would not have been questioned. If this be so, we can see no valid reason why he should not be held liable if the child died at the end of that period.

But it is contended that, if this be the proper construction, the court had no basis for fixing the amount of the order at the sum of $150, as there was no proof as to any expenses having been incurred by any one. In his return to the writ of certiorari the circuit court returns that:

"I further certify that no proofs were taken by me to ascertain the amount of money said Alvera Stone, the mother of said child, had expended, if any, for the maintenance of said child, *although I did make some informal inquiries as to the expenses.*"

In a case of this kind the authority of the trial court to make an order for any sum must rest upon the fact that there have been expenditures incident to the care and support of the child. What the expenditures may have been in any given case is not only a proper, but a necessary, subject of inquiry on the trial to enable the court to properly fix the amount of the order. As the return of the court shows that this was not done, the order will be vacated. The verdict adjudging respondent to be the father of the child will stand. Leave is granted to take further testimony bearing upon the question of expenditures as a basis for a new order therein.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.