156　　　　　Phelps *et al.* v. Northup *et al.*　　　[Sept. T.,

Syllabus.　　Statement of the case.

# William J. Phelps *et al.*

## *v.*

# Ovid B. Northup *et al.*

1. ACCEPTANCE — *by parol.* A parol acceptance of an order to pay money out of the proceeds of a claim in the hands of the party upon whom the order is drawn for collection, is binding.

2. ACCEPTANCE — *of order to pay over proceeds of a claim when collected.* A party in whose hands a promissory note was placed for collection, accepted an order from the owner of the note to pay over a portion of the proceeds thereof, when collected, to a third person. Afterward, the acceptor, by direction of the party placing the note in his hands, but without the knowledge or assent of the holder of the order, surrendered the note to another, to whom it was paid: *Held,* in an action of assumpsit by the holder of the order against the acceptor, the surrender of the note, under the circumstances, was a fraud upon the plaintiff, and as much a breach of their contract as if the acceptor had himself collected the note and refused to pay over the portion of the proceeds represented by the order, and he was, therefore, liable in that action.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

August 11, 1869, appellants, being bankers at Elmwood, Illinois, received from Dogget, Bassett & Hill, of Chicago, a claim for collection, against one John J. Rose, who had been doing a boot and shoe business at the former place, but, who, on the third of that month, had sold out his stock to W. H. and John Struthers, taking their promissory note of that date, for $845.52, payable to Rose's order two months after date. August 16, Rose paid appellants on the D., B. & Hill claim $150, leaving a balance of about $142, which he was unable to pay, but to secure which, he transferred to appellants the Struthers note, for $845.52, taking their receipt in these words: "Banking house of Phelps & Tracy, Elmwood, Ill., September 16, 1869. From J. J. Rose, note of

W. H. and John Struthers, for $845.52, due October 3, for collection. Phelps & Tracy."

Rose, being indebted to appellees in the sum of $415, on the 20th September, 1869, gave them a written order upon appellants, as follows :

"Elmwood, *September* 20, 1869.

Messrs. Phelps & Tracy, Bankers, Elmwood, Illinois : Please pay Northup & Sherman $415, when note in your possession for collection against W. H. and John Struthers is collected.                John J. Rose."

Rose inclosed this order to appellees in a letter, requesting them to put it in the hands of one N. D. Jay, an attorney, to be collected. Rose swears that, before he sent the order to appellees, he showed it to Tracy, and said: "I have drawn this order on you," and he said, "it would be all right when the money was paid in." That fact, however, is controverted. But it is not disputed that appellees placed the order in Jay's hands, for collection, who, about a week before the Struthers note became due, took the order to appellants' bank, and asked them to write an acceptance upon it, which they declined to do, but took the order, laid it away with the Struthers note, which was pinned to the D., B. & Hill collection, and their counsel admit that they then intended to pay it out of the proceeds of that note, in case they came into their hands, and, on one occasion, appellants, in figuring up the amount of claims against the Struthers note, reckoned appellees' claim among others. It appears that during these transactions Thomas Cratty, an attorney, received for collection a claim against Rose, in favor of one Voigt, for $267. After the order in favor of appellees had been placed in appellants' hands, Rose being pressed for payment of the Voigt claim, made an arrangement with Cratty, that in case appellants had not accepted the said order in favor of appellees, Cratty should furnish Rose the means to pay off the claim upon which appellants held the Struthers note as collateral (not includ-

ing appellees' claim), and Rose should take up the Struthers note and deliver it to Cratty, as security for the money so advanced and the Voigt note. On the 20th October, 1869, Cratty and Rose applied to appellants, inquiring if they had accepted the order of Rose in favor of appellees, and, being informed by them that they had not, Rose then proposed to pay off what they held against the note and to receive it back. Tracy figured up the amount due D., B. & Hill, and some claims they had against Rose in their own right, making the sum of $218.15, which Cratty paid, took the Struthers note and went away with it, to whom it was paid.

Appellees brought assumpsit against appellants to recover the amount of said order. The declaration contains special counts upon the order and an acceptance of it by them. Also, upon an acceptance and wrongful disposal by them of the Struthers note, and the common counts. Evidence was given upon both sides as to the question of express acceptance; the jury found in favor of appellees.

Messrs. Johnson & Hopkins and Mr. Thomas Cratty, for the appellants.

Messrs. O'Brien & Harmon and Mr. H. W. Wells, for the appellees.

Mr. Justice McAllister delivered the opinion of the Court:

There was sufficient testimony, if believed, to warrant the jury in finding an acceptance, which might be by parol. And there is no such weight or preponderance of evidence the other way as would justify our interference with the verdict. We are to assume, therefore, that the order was accepted. If so, the legal effect was an undertaking on the part of appellants to pay the amount when the note in their possession for collection was collected, and there can be no doubt that, but for their act disabling them from collecting the Struthers note,

by transferring it, without appellees' consent, to Cratty, it would have been collected by appellants, and then their refusal to pay would have been a breach of their undertaking. If they had the power to disable themselves from collecting the note, in violation of the rights of appellees, and thus get rid of their contract, the law would aid them in the commission of a fraud. The contract itself imports that they would use due diligence to collect the Struthers note. Allowing the note to be withdrawn from their hands, and delivering it over to another, while appellees' order was in their hands and accepted by them, was a positive breach of duty, and as much a breach of their contract as if they had collected the note, and then refused to pay appellees.    *White* v. *Snell,* 9 Pick. 16.

In *Yeates* v. *Groves,* 1 Ves. Jr. 280, Lord THURLOW decided that an order to pay a debt out of a particular fund belonging to the debtor, constituted an equitable assignment of the fund *pro tanto,* and gave the creditor a specific, equitable lien thereon, although the order had not been accepted by the holder of the fund before the debtor's bankruptcy.

In *Israel* v. *Douglass,* 1 H. Black. 239, Lord LOUGHBOROUGH said, " This debt is, with the consent of the parties, assigned to the plaintiff (the payee); Douglass (the drawee) has notice of it and assents, by which assent he becomes liable to the plaintiffs."    *Ex parte Alderson,* 1 Mad. 53; *Lett* v. *Morris,* 4 Sim. 607; *Weston* v. *Barker,* 12 Johns. 279; *Taylor* v. *Bates,* 5 Cow. 376; *Wheeler* v. *Wheeler,* 9 id. 34; *Bradley* v. *Root,* 5 Paige, 632.

It follows, from these authorities, that the order upon appellants, notice to them, and their assent, bound the fund in their hands.    Rose had no right to withdraw, nor they to surrender or assign it over to Cratty.    The surrender and transfer of the Struthers note to Cratty was clearly a fraud upon appellees, a breach of appellants' contract, and they were, therefore, liable in this action.

We have examined the instructions given on behalf of appellees, and such on behalf of appellants as were refused,

and find no error in either the giving or refusing of instructions.

The judgment of the court below must be affirmed.

*Judgment affirmed.*

Mr. Chief Justice Lawrence, Mr. Justice Thornton, and Mr. Justice Sheldon dissenting.