### FREDERICK KOCH, SR.,
### v.
### MARY E. QUICK.

*Drainage — Equitable Assignment of Bonds Issued in Payment for Labor—Estoppel—Verdict—Interest.*

1. An order upon drainage commissioners to issue bonds payable to a third person or order, in such sum as may be due the maker thereof for labor performed, they promising to comply therewith upon ascertaining the sum due, is an equitable assignment.

2. After such order has been accepted and the maker has left the State, a commissioner having a claim against him is estopped from asserting it against the one in whose favor the order was made.

3. In the case presented, the bonds having been delivered to one of the commissioners, this court sustains a judgment against him in an action for money had and received in favor of the holder of the order.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. JOSEPH W. RICKERT, for appellant.

These bonds belong to the district if they are not legally the property of appellant, and for their recovery the commissioners, as such, alone are vested with the exclusive legal authority to institute the proper action against appellant. And if the legal right to sue the appellant for the recovery of these bonds, or their money value, be in the Drainage Commissioners, then certainly appellee can not maintain her action against him, who received no money or drainage bonds for her use, and the Circuit Court should have so decided. Trumbull v. Campbell, 3 Gilm. 502; Hall v. Carpen, 27 Ill. 386; Carpen v. Hall, 29 Ill. 512; The G. & M. R. R. Co. v. Burns, 92 Ill. 302; McIntyre v. Thompson, 14 Ill. App. 554; Neil v. Chessen, 15 Ill. App. 266.

By refusing the motion of appellant to dismiss this action the Circuit Court erred, because the testimony shows that he did not receive any money to which the appellee makes claim, but had received drainage bonds, nominally worth $300, properly registered in the drainage record and representing, after a lapse of time, a promise to pay money out of the drainage treasury. A plaintiff under the common money counts can recover from a third party only for money or property converted into money by the defendant which equitably and in good conscience belongs to the plaintiff.

Here the defendant, as claimed, converted the drainage bonds of plaintiff but still holds them as bonds, and at any time willing and capable of delivering them in specie to plaintiff upon proving them to be her property.

Appellee has misconceived her form of action and it became the duty of the trial court, after hearing the testimony in the cause, upon the suggestion of appellant, to dismiss the suit, unless appellee, with leave of court, thought proper under the statute to change her form of action.

She refused by leave of court to change the form of her action; the court thereupon denying the appellant's motion to dismiss, unquestionably erred in rendering, contrary to the well established and clearly defined boundaries between common law actions, a money judgment against the defendant for $327. Chitty's Pleadings, 14th Am. from 6th London Ed., 340 and 351; Citizens' Gaslight and Heating Co. v. Granger, 19 Ill. App. 201; Kelty v. Owens, 4 Chand. 166; Carlisle v. Dunn, 5 Blackf. 605; Tolan v. Hodgeboom, 38 Mich. 624; Blair v. Wilson, 28 Gratt. 165; Kidney v. Persons, 41 Vt. 386.

Mr. WILLIAM WINKELMANN, for appellee.

Appellant had notice of this assignment, and when he, on the 25th of July, 1885, took the order from Pruitt for the funds, which he knew had already been assigned to appellee, appellant was guilty of a fraud, and therefore not entitled to relief in a court of justice.

Appellant is not permitted in law to gainsay what he has, over his signature, deliberately asserted to be true, to wit: That on the 6th of March, 1886, there was due to Pruitt $316.80, and that this amount had been placed to the credit of appellant.

At the time appellee presented her order to Warnock and Koch, there was not the slightest intimation by either of them that the earnings of Pruitt had already been transferred to Koch or otherwise. On the contrary, they not only promised, but by their acts and conduct led appellee to believe, that whatever amount was coming to Pruitt on a final estimate should be applied on her order, and for that purpose the order was taken by them and retained for more than fifteen months; and now, in the face of these facts and the record referred to, when called upon, Koch deliberately comes forward and says that the entry on the drainage record, signed by him and the other commissioners, is not true; that he (Koch) never promised and led appellee to believe that she should have the proceeds of Pruitt's earnings. If ever an estoppel is applicable, this is the case. Smith v. Newton, 38 Ill. 230; 1 Greenl. Ev., Sec. 207; Trimble v. State, 4 Blackf. 437; Kinnear v. Mackey, 85 Ill. 97.

Counsel for appellant contends that inasmuch as appellee's order was payable in drainage bonds, and there is no evidence in the record that appellant has converted the bonds into money or money's worth, appellee can not recover on the common counts. We deem it a sufficient answer to say that this suit is not brought to recover the bonds or their value, but is brought to recover $316.80, with the interest thereon from March 6, 1886, which has been placed to the credit of appellant. That an action for money had and received may be sustained by proof of a credit in account in the books of a third person, we cite Hatton v. Robinson, 4 Blackf. 480.

PHILLIPS, J. Action of assumpsit for money had and received and amount stated. John Pruitt, by contract with the drainage commissioners of Columbia Drainage and Levee District No. 3, of Monroe county, Illinois, had performed certain work for such commissioners, to be paid for in the bonds of the district, and being indebted to appellee, made and delivered to her an order, as follows:

"Messrs. L. Warnock, F. Koch and J. Fischer, Commissioners of Columbia Drainage and Levee District No. 3, of Monroe county, Illinois: Please issue and deliver to Mrs. M. E. Quick, payable to her order, bonds to the amount of $552, and this shall be your receipt for the same.

"This 6th day of June, A. D. 1885.

"JOHN PRUITT."

On June 7, 1885, that order was presented to Warnock and Koch, at Columbia, Illinois, by Mrs. M. E. Quick, and they said to her whatever was coming to Pruitt on final measurement she should have. The order was left with them, by them delivered to their clerk, who kept the same with the papers, and was retained until after the commencement of this suit. A short time after the presentation of this order Pruitt quit work and left the State, and at that time the record of the commissioners show his work not paid for amounted on final measurement to $316.80. Appellant had incurred

liability as security for Pruitt, and claims that on final measurement, when the amount of Pruitt's work was determined, bonds were issued and delivered to Pruitt, and by him turned over to appellant. The record, however, as made by the commissioners, of whom appellant was one, was offered in evidence, and is as follows:

"John Pruitt was allowed on old contract a balance of...$    1.08
John Pruitt was allowed estimates of 1,750 cubic
    yards, at 18 cts............................. 315.00

Total amount allowed Pruitt.......................$316.80
which was placed to the credit of Frederick Koch, Sr.

L. Warnock,

F. Koch, Sr.,

J. Fischer,

Commissioners."

On trial in the Circuit Court of Monroe county a verdict was found for appellee for $327, and appellant prosecutes this appeal. On the order made by Pruitt to appellee being executed and delivered, and the same presented to Warnock and Koch and by them delivered to their clerk, they promised that whatever was coming to Pruitt on final measurement should be appellee's. That order and promise made an equitable assignment of the amount that might be found owing to Pruitt from the district. Phelps v. Northup, 56 Ill. 156.

Warnock and Koch, as such commissioners, had knowledge of that assignment, and the order having been delivered to them and thus retained until after Pruitt left the State and until after the commencement of this suit, with no notice to appellee of any claim made on the part of another to the same money, or bonds, and appellee thus caused to remain quiet and not attempt to collect her claim from Pruitt, Koch should be held estopped from asserting a claim to either the money or bonds thus, on final measurement, found owing for that work. Kinnear v. Mackey, 85 Ill. 96.

Whether, therefore, the money was placed to the credit of Koch, as appears by the record he aided to make for the commissioners, or the bonds were issued and delivered to Pruitt

and by him turned over to Koch, in either case it would be inequitable for him to thus retain the same. It is insisted, however, that appellee has misconceived her action and trover only would lie, and that an action for money had and received can not be maintained on the state of facts here shown. By the order drawn in appellee's favor the commissioners were directed to issue and deliver bonds payable to her order. Whether the bonds were issued in favor of appellant payable to his order, as would be the inference to be drawn from the record of the board, or whether, as appellant testifies, the bonds were issued to Pruitt and by him turned over to appellant, in either case the legal title to the bonds would be so in appellant that he alone could sue on the same, and we hold the action for money had and received will lie, and that there was such privity that appellee is entitled to recover.

It is further claimed that the verdict and judgment, being for the sum of $327, is excessive and not sustained by the evidence. We have seen that $316.80 owing Pruitt was placed to the credit of appellant, as appears from the records, and, as appears from the testimony of appellant, bonds to the amount of $300 were issued to Pruitt and by him turned over to appellant. That, as appears from the evidence, was on July 25, 1885. The judgment was rendered October 25, 1887. From the facts appearing in the case, interest was recoverable, and the verdict is not too much.

We find no error in the record and the judgment is affirmed.

*Judgment affirmed.*