Robert J. Grier, Executor of the Estate of Sarah Lafferty, Deceased, v. Chauncey M. Cable.

1. APPEALS—*Claims in Probate.*—Appeals from judgments, orders and decrees of the County Court in the adjustment and allowance of claims against the estates of deceased persons are properly taken to the Circuit Court.

2.   APPEAL BONDS—*Objections to be Made in Apt Time.*—Formal objections to an appeal bond, or to the manner of taking an appeal, come too late after a cause has been pending for years in the court to which the appeal is taken, and has been twice tried in that court.

MEMORANDUM.—Probate of claims in administration.   Error to the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.   Heard in this court at the December term, 1893, and affirmed.   Opinion filed May 22, 1894.

The opinion states the case.

KIRKPATRICK & ALEXANDER, attorneys for plaintiff in error.

G. B. MORGAN, J. H. HANLEY and J. H. CONNELL, attorneys for defendant in error.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is the same case which was here formerly on appeal, and the nature of the case, together with the facts, will be found stated in the opinion then filed and reported under the title of Cable v. Grier, Ex'r, 45 Ill. App. 407. The case has been again tried, and there was a recovery by defendant in error for $1,000.

After the case was re-instated in the Circuit Court, the defendant moved to strike it from the docket, and alleged as a reason that the law did not authorize an appeal in such a case from the County Court to the Circuit Court.   The motion was denied and the correctness of that ruling is now the principal question in the case.   It was shown that the case was transferred to the Circuit Court by agreement, and that the entry of a formal judgment in the County Court disallowing the claim and the appeal therefrom, was a method adopted by the parties to effect such transfer. The effect of such agreement need not be considered, however, for the reason that appeals in such cases are properly taken from the County Court to the Circuit Court.   The administration act, Chapter 3, Rev. Stat., provides for the adjustment and allowance of claims against estates, and sec-

tion 124 of that act, Starr & Curtis' Stat., p. 247, provides
for appeals from all judgments, orders or decrees of the
County Court in all matters arising under such act, to the
Circuit Court.   Section 122 of the division of Chapter 37,
Rev. Stat., relating to County Courts, Starr & Curtis' Stat.
p. 728, provides that appeals may be taken from the final
orders, judgments and decrees of the County Courts to the
Circuit Courts of their respective counties in all matters,
except as provided in the next succeeding section, and this
case is not embraced in the excepted classes.

It is argued that the foregoing sections were amended by
the act of 1887, amending the act to establish Appellate
Courts, and that under section eight of the Appellate Court
Act as so amended, the appeal from the County Court should
have been taken direct to this court.   The cases of Lee v.
People, 140 Ill. 536, and Union Trust Co. v. Turnbull, 137
Ill. 146, are relied on in support of this claim.   Section eight,
as amended in 1887, provides that this court shall have juris-
diction of all matters of appeal from the final judgments,
orders or decrees of County Courts in any suit or proceeding
at law or in chancery, other than criminal cases not misde-
meanors, and cases involving a franchise or freehold, or the
validity of a statute.   In Lee v. People, 140 Ill. 536, it was
held that a bastardy proceeding was clearly a proceeding at
law, and therefore it was embraced in the provision for ap-
peals to the Appellate Court in proceedings at law.   In Union
Trust Co. v. Turnbull, 137 Ill. 146, it was held that a pro-
ceeding under the voluntary assignment act was a suit or
proceeding in chancery, and for that reason the act providing
for appeals to the Appellate Court in any suit or proceeding
in chancery applied to such a proceeding.   Neither of those
cases have any bearing on the question presented here.
There is no intimation in either that the provision for ap-
peals in matters arising under the administration act has
been in any manner modified or changed.   In Randolph v.
People, 130 Ill. 533, the question was whether, in a matter
which arose under said administration act, an appeal was
properly taken to the Circuit Court, and it was held that

under said section 124 of the Administration Act and 122 of the County Court Act, such an appeal was properly taken. In Dawson v. Eustace, Supreme Court, Ill., January 16, 1894, N. E. Rep.,Vol. 36, p. 87, it was held that appeals from decrees ordering sales of real estate by administrators, can only be taken to the Circuit Court. The motion to strike the cause from the docket was properly overruled.

It was objected that no appeal bond was filed, but it appeared that a bond had been executed which was lost, and on motion of the claimant, an appeal bond was substituted for the one lost. The defendant moved the court to require the claimant to give an additional bond, but the affidavit was insufficient for the purpose, and there was no error in relation to the bond. It is objected that the record fails to show that the terms of the appeal bond were fixed by the County Court or that the bond was approved by that court, but formal objections of that character to the manner of taking the appeal come too late, after a case has been pending for years in the Circuit Court and has been twice tried in that court.

The evidence on the last trial was not materially different from that on the former trial as stated by this court in the opinion filed when the case was here before, and we think that it showed a clear right of recovery by the claimant.

We do not discover any reversible error in the record of the trial. Some of the questions as to the value of the claimant's services were, perhaps, too broad in allowing the witness to take account in forming an estimate of all services that the witness had heard of, but we are satisfied that no injury was done to the defendant thereby. The same may be said of evidence admitted that Mrs. Lafferty had no brothers and sisters and knew of no relative, and as to her estate. The legitimate evidence of services rendered within five years prior to her death was ample to sustain the verdict, and we think it clear that the jury did not go beyond that limit in determining the amount allowed. The second instruction was inaccurate in fixing a period of five years prior to February 20, 1888, when the claim was filed, instead of

November 25, 1887, when Mrs. Lafferty died, but the error was against the claimant and in the interest of defendant. The court was asked to give the same instructions for defendant that were declared improper when the case was here before and refused the request. It is scarcely necessary to say that this was right. We find no error of which defendant could justly complain and the judgment will be affirmed.