## August Heitschmidt v. Thomas McAlpine and R. J. Holcomb.

1. CONTINUANCES—*Insufficient Application.*—An application for a continuance on the ground of the absence of a material witness, stating that such witness left the county and that the applicant was unable to ascertain his residence, but not showing that if further time were given his place of residence could be ascertained, is insufficient for that reason and properly denied.

2. ACCEPTANCE—*When Verbal, Sufficient.*—A verbal acceptance of an order to pay money is sufficient in law.

3. BILLS OF SALE—*Of Property in the Possession of Another.*—A bill of sale of property in the possession of another transfers the title subject to the rights of such person having the possession.

Replevin.—Appeal from the County Court of DeKalb County; the Hon. C. A. BISHOP, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

JONES & ROGERS, attorneys for appellant.

THOS. M. and JAS. W. CLIFFE, attorneys for appellees.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Thomas McAlpine, one of the appellees, held a chattel mortgage made by William Shoo February 27, 1894, to secure the payment of $95, due in nine months; and the mortgagor having absconded, he went on May 30, 1894, with the appellee R. J. Holcomb, his agent, to take possession of the mortgaged property under an insecurity clause of the mortgage. Kate Shoo, the wife of the mortgagor, then turned over to appellees her cow, to take the place, as she said, of a cow owned by her husband and described in the mortgage, which he had sold, and they took her cow with the other property under that arrangement. The next day Kate Shoo gave to Austin & Fitzgerald an order as follows:

"MAPLE PARK, Ill., 5–31, 1894.

In account with Austin & Fitzgerald, dealers in general merchandise, Maple Park, Ill.

Mr. Thomas McAlpine et al. waiving title : Please pay to Austin & Fitzgerald the sum of thirty-three and 25-100 dollars on mortgaged property and charge to my account, turn balance to them.

KATE SHOO."

On the same day this order was presented by Austin, one of the firm, to McAlpine, who then verbally accepted it and told him to hand it to Holcomb, who would make the mortgage sale. Afterward, on June 2, 1894, Kate Shoo gave a bill of sale for the cow to appellant for $35, warranting the title. The cow was in possession of Holcomb as agent for McAlpine, and appellant commenced this suit in replevin before a justice of the peace for her possession. Appellant was defeated before the justice and appealed to the County Court where, after the evidence was in, he tendered to appellees $3.91, the balance due on the chattel mortgage, including the costs of foreclosure and also all the costs of suit up to that time, amounting in all to $15.55, which was accepted in full of the mortgage debt and costs of suit to that time, and the cause was submitted to the jury on the question as to McAlpine's right to hold the cow by virtue of the order to Austin & Fitzgerald. The jury found the property in McAlpine and judgment was entered against appellant.

It is complained that the court overruled plaintiff's motion for a continuance made before the trial. A written affidavit was waived, and it was agreed that the statement of counsel should be taken with the same force and effect as such affidavit. The ground of the application was the absence of Kate Shoo, a witness, and it was stated that her husband had run away to parts unknown, that she had left the county over two weeks before the trial and gone to him, and that plaintiff was unable to ascertain the whereabouts of either of them. There was no showing that if further time should be given her place of residence could be ascertained as required by the statute, and for that reason the motion was properly denied. The fact proposed to be proved by her was that she owned the cow, and that fact was not in dispute at the trial. The claim of each party was founded

on that fact.   Plaintiff claimed the cow by purchase from her, and defendants claimed the right to possession under her order given to Austin & Fitzgerald and accepted by McAlpine.   Plaintiff therefore suffered no harm by overruling the motion.

A general objection was made to the order given to Austin & Fitzgerald, which was overruled, and it is argued that this was wrong because the order was directed to McAlpine et al., and it was not shown who were the persons described as " et al.;" because it was not connected by evidence with the cow in controversy; because it did not purport to convey title to the cow, and because there was no acceptance on the face or back of it.   The order was directed to Thomas McAlpine and was presented to him for acceptance. It was not material who was meant by " et al.," or whether anybody was.   He accepted the order verbally, and such an acceptance is good.   Mason v. Dovsoy, 35 Ill. 429; Phelps v. Northup, 56 Ill. 156; National Stock Yards v. O'Reilly, 85 Ill. 546.

It was not essential to McAlpine's right to hold the cow, that the order should transfer the cow herself, and as the evidence showed that the cow in controversy was the only one in his possession that he was bound to account to Kate Shoo for, the evidence sufficiently connected the two.

It is further contended that the verdict was against the law and the evidence.   The tender by plaintiff of the amount due on the mortgage and costs of suit was an admission that the cow was rightfully held for the payment of the balance due on the mortgage, and disposes of the argument that there was no consideration for Kate Shoo turning out her cow to satisfy her husband's mortgage, and that she could and did revoke the arrangement by the sale to plaintiff and leaves no question but the right to retain possession to satisfy the order to Austin & Fitzgerald.   We construe that order to mean that McAlpine should pay to Austin & Fitzgerald any balance arising on the sale of the cow to the amount of $33.25.   When McAlpine had notice and accepted the order the arrangement became a binding

one, which neither he nor Kate Shoo could change or abrogate, and if he should surrender the cow without complying with the terms of the order he would be liable to Austin & Fitzgerald. Phelps v. Northup, *supra*. The cow was in possession of McAlpine under the agreement, and the bill of sale to plaintiff could only transfer title subject to their rights. It follows that a tender to McAlpine which did not include the amount due Austin & Fitzgerald and enable McAlpine to discharge his obligation to them, was not sufficient to entitle plaintiff to the possession of the cow, and the verdict was right.

It is argued that the right to sell under the stipulations and provisions of the mortgage having been destroyed by the tender, McAlpine would not be entitled to sell the cow at all to satisfy the order, and therefore plaintiff was entitled to her. It is immaterial in this case by what means or in what manner the right acquired under the order should be enforced, whether by a sale in the manner provided in the mortgage or by some other proceeding. The whole right to sell arose from the agreement of Kate Shoo, and we see no reason why McAlpine can not still sell the cow to carry out the agreement, in which event plaintiff would be entitled to the amount paid by him on the mortgage debt which was the first lien under the agreement, and next Austin & Fitzgerald could claim the amount of their order, and plaintiff would be entitled to the balance.

It is finally objected that under McAlpine's claim to hold the cow to pay the $33.25 the judgment should have been in the alternative, that plaintiff pay that amount or make return of the property. The judgment followed the verdict which found the property in the cow in the defendant, McAlpine. The question of her being held for the payment of money and the amount was not submitted to the jury to be found as a basis for an alternative judgment, nor was it presented to the court in any way. Plaintiff, for whose benefit the statute was designed, did not ask for such a judgment but submitted the case wholly on the right to possession, and can not now complain that such judgment was not entered. The judgment will be affirmed.