**Joel Stull and Louis Stull v. John S. Stull and H. A. Lambart.**

| 68 | 389 |
| 68 | 393 |
| 68 | 389 |
| 95 | 209 |
| 68 | 389 |
| 96 | 405 |

1. APPEALS—*From Orders of a Probate Court.*—An appeal will not lie to the Appellate Court from an order of a County Court dismissing a petition to obtain the probate of a will and to compel its production for that purpose. Appeals in such cases should go to the Circuit Court.

Petition, in probate. Appeal from the County·Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the December term, 1896. Appeal dismissed. Opinion filed January 6, 1897.

A. B. COON and C. P. BARNES, attorneys for appellants.

C. A. ALLEN and D. T. SMILEY, attorneys for appellees.

PER CURIAM.

The appellants, Joel Stull, Adell Curtis and Louis Stull, filed a petition under Sec. 12, Chap. 148, R. S., entitled Wills, requesting a citation to issue to John S. Stull and H. A. Lambart, appellees, to show cause why they should not file the will of Lefler Stull, deceased, in their possession or control, with the clerk of the Probate Court, and for general relief.

The petition and affidavit showed that appellees were residents of Nebraska county, Nebraska; that at the time of the death of Lefler Stull said deceased was a resident of said McHenry county, Illinois, but temporarily residing with his son, John S. Stull, in Auburn, Nebraska county, Nebraska, was *non compos mentis*, and was induced by said John S. Stull to execute a will in said Nebraska county; that he owned no property of any kind in said State of Nebraska, but owned real estate in said McHenry county, Illinois, and that John S. Stull had the will in his possession or else had placed the same in control of appellee Lambart, in said Nebraska county, Nebraska, with a view of having the will probated in McHenry county. This citation was asked. The citation was issued as requested, by the clerk of said County Court of McHenry County, May 22, 1896, returnable June, 1896, and was returned by the sheriff not served. On the 6th of July, 1896, the appellees entered their appearance limited to the motion made, and moved the court to dismiss the petition and quash the citation on grounds appearing on the face of the petition.

The petition was amended praying for the probate of the will when produced, or a copy thereof. August 10, 1896, appellees renewed their motion to dismiss.

Stull v. Stull.

The motion was sustained by the court, and the petition and citation was dismissed by it. Thereupon Adell Curtis, one of the petitioners, prayed and was allowed by the court an appeal to the Circuit Court of said county, and the other two prayed for and were allowed an appeal to this court.

Appellees moved this court for dismissal of said appeal for the want of jurisdiction.

After due consideration, we have determined that the said motion ought to be sustained, and hold that such appeal is allowed only to the Circuit Court from such an order as this.

By Sec. 14, Chap. 148, R. S., entitled Wills, appeals are allowed from the County Court to the Circuit Court, from the order of the County Court allowing or disallowing any will to probate.

It was held in Lynn v. Lynn, 160 Ill. 314, that, under Sec. 88 of the Practice Act, and Sec. 8 of the Appellate Court Act, when construed together, " which must be done, the Appellate Court is clothed with jurisdiction of appeals from or writs of error to, final judgments or decrees of * * * County Courts, etc., in all criminal cases below the grade of felony, and all suits or proceedings at law or in chancery, except in cases where a franchise or freehold is involved," etc.

In Union Trust Co. v. Trumbull, 137 Ill. 146, the Supreme Court held that Sec. 8 of the Appellate Court Act repealed by implication Sec. 122 of the County Court Act, in so far as it conflicted with it, and we presume the rule would apply to Sec. 14, above cited, in case of conflict.

In Lee v. The People, 140 Ill. 536, it was held, that an appeal from a bastardy proceeding lies directly to the Appellate Court, on the ground that, while it was not a suit at common law, yet " it was a proceeding at law."

It has also been held that proceedings under the insolvent debtor's act and by administrators in County Court for order to sell lands to pay debts, where a freehold is not involved, are appealable to the Appellate Court, under the designation of chancery proceedings.

In Green v. Cable, 159 Ill. 29, it was held, that an appeal was allowable to the Circuit Court from an order of the County Court allowing a claim of a creditor of the estate against the estate.

We are of the opinion that Sec. 8 of the Appellate Court Act was not intended to repeal Sec. 14 of Chap. 148, entitled Wills, and does not necessarily conflict with orders made in County Court, in strictly probate matters.

The proceeding in question was not a proceeding in law or chancery, nor a criminal proceeding.

It was a proceeding to obtain the probate of a will, and to compel its production with that view, and was appealable to the Circuit Court from an order of the County Court dismissing it.

The court, in substance, by the order of dismissal, refused to hear the case or to probate the will, or order its production. The other questions raised in the case are not before us, as we have no jurisdiction of the appeal.

The appeal of appellants is therefore dismissed.