## John Richardson et al., Ex'rs, etc., v. John Emberson, Jr.

1. APPEALS—*Claims in Probate.*—Appeals from the County Court as to orders respecting accounts of executors and the distribution of estates are properly taken to the Circuit Court.

2. TRIALS—*When to be De Novo Appeals.*—The trial in the Circuit Court, on appeal from the County Court, of a case involving the accounts of an executor and the distribution of the estate represented by him, should be *de novo*.

**Petition to Vacate an Order of Distribution.**—Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

On February 7, 1890, John Emberson, Sr., died intestate in Livingston county, Illinois. Appellants, Litchfield and Richardson, were named as executors in the will. At the March term, 1890, the will was admitted to probate.

At the September term, 1892, an order of distribution was entered, ordering the executors to pay the Congregational church of Flanagan, which was one of the legatees named in said will, its distributive share of the $5,053.14, then to be divided. This order recites service of notice on appellee, John Emberson, Jr. In obedience to this order of the Probate Court, appellants paid the officers of said church its *pro rata* share of the $5,053.14, being $842.19, and took their receipt therefor.

At the January term, 1899, appellee filed a petition in the Probate Court of said county, to vacate said order of distribution. .

The petition, among other things, sets forth :   A legacy in the said will of John Emberson, Sr., to the Congregational church of Flanagan; that such society did not in fact exist at the making of the will, and had no power to acquire property; and avers that the executors obtained the said order to pay the $842.19 to said alleged church, and that the same was wrongfully paid, contrary to Sec. 117, Chap. 3 of the Revised Statutes; and claims that appellee did not know of such payment until 1898; that there being no such Congregational church, the legacy lapsed, and appellee being sole heir, is entitled thereto, viz., the $842.19; and prays that the executors, appellants, re-adjust the account shown in the report of September, 1892.

The answer of appellants denies the non-existence of said Congregational church;  admits the order of court of September term, 1892; denies that the same was procured by the executors; alleges a contest by the executors of the claim of said church; sets out the final order of the Probate Court on hearing, of which appellant, it is charged, had full notice; that said $842.19 was paid by such executors, appellants, only after such trial and entry of the order of the Probate Court on them so to do, and in obedience thereto; denies waste, or right of appellants to have said order of September, 1892, vacated after the compliance therewith by these appellants, in the payment of the $842.19 more than six years prior to filing petition to set same aside.

The Probate Court of said county, at the September term, 1899, vacated said order of the September term, 1892, and ordered the executors to pay $842.19 to appellee, John Emberson, Jr.  Appellants took an appeal to the Circuit Court, where the same was, without hearing on merits, dismissed; whereupon appellants took from such order of dismissal an appeal to this court.

J. T. TERRY and R. R. WALLACE, attorneys for appellants.

H. H. McDOWELL, attorney for appellee; NORTON & WINKLER, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The only question presented to this court is whether the appeal taken from the order of the County Court should have been to the Circuit or Appellate Court.

The order of the County Court was an order as to the accounts of the executors of the will of John Emberson, Sr., and an order of distribution of the estate.

The appeal therefrom was properly taken to the Circuit Court, which should have proceeded to hear *de novo* the matters involved. Lewis v. Flowree, Adm'x, 32 Ill. App. 315–319; Grier, Ex'r, v. Cable, 53 Ill. App. 350; 159 Ill. 29; Stull v. Stull, 68 Ill. App. 389; Millard v. Harris, 119 Ill. 185; Frank et al. v. The People, 147 Ill. 105; Dawson v. Eustice, Adm'r, 148 Ill. 346.

The order of dismissal is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.