### Lillian Golsen, Administratrix, v. Ralph J. Golsen.

#### Gen. No. 12,501.

1. FUNERAL EXPENSES—*who may lawfully contract for.* The wife of the deceased, another acting by her authority, and a stranger, under certain circumstances, may contract for the funeral of a deceased person, and pay for the same, and the expenses, if reasonable, will be allowed to such person out of the estate of such deceased.

2. ORDER FOR PAYMENT OF MONEY—*presentment may be waived.* The formal presentment of an order for the payment of money may be waived and an acceptance implied from conduct.

Action of assumpsit. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 21, 1906.

MERRIAM & PHELPS, for plaintiff in error; J. W. MERRIAM, of counsel.

ROBERT F. KOLB, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error, as administratrix of the estate of Julius C. Golsen, deceased, was plaintiff, and defendant in error was defendant, in the trial court. The declaration consists of the consolidated common counts. The defendant pleaded the general issue and set off. The cause was submitted to

(84)

the court for trial without a jury, and the court, after hearing the evidence, found the issues for the defendant and rendered judgment accordingly.

Julius C. Golsen died November 15, 1903, intestate, and letters of administration were issued to his wife, the plaintiff, December 1, 1903. The evidence shows that the defendant made a written statement prior to November 16; 1903, showing credits in favor of the deceased, the total amount of which is $2,741.24, and also certain debits, the credits less the debits being $884.75, and that, subsequent to the death of plaintiff's intestate, she received from the defendant $185.75, deducting which from $884.75, leaves $699, to recover which the suit was brought. All other debits against the deceased are disputed by the plaintiff. We deem it only necessary to consider two of the disputed items, viz.: one of $198 and one of $600, as these, if valid claims of the defendant, are more than the sum sought to be recovered by the plaintiff. The evidence as to the defendant's $198 claim is as follows: W. M. Dietrich testified that the plaintiff and her intestate lived at his, witness', house, before and at the time of the death of Julius C. Golsen; and after his death witness asked plaintiff if she had any choice of an undertaker, and as to what should be done, and she said she would leave it to witness, when witness said he would go and confer with Doctor Abel, and plaintiff said that would be perfectly satisfactory. Witness then went to Doctor Abel's house and told him Mr. Golsen was dead, and that Mrs. Golsen was in trouble and had left witness and the doctor to decide what should be done, and the doctor said to witness that he thought the proper thing was to call up the brother of the deceased, the defendant, on the telephone and ascertain what he would say, which the doctor did, and it was agreed that witness should go to defendant's house and confer with him, which witness did, and asked defendant if he had any choice of undertakers, and he said none, unless the one who buried his mother and brother-in-law, and then they went to that undertaker and arranged for him to take charge of the funeral

and burial, and defendant told the undertaker to send his bill to his, defendant's, office. The foregoing evidence was not objected to and is uncontradicted. The defendant testified that he paid the undertaker's bill, $198. This was objected to, but no ruling was made nor exception preserved. It was stipulated by the parties on the trial that the undertaker, if present, would testify that he had buried other members of the family of Mr. Golsen, deceased, and that the appointments of the funeral of the deceased were in keeping with those at the funerals of other members of his family; that his bill was $198, and that he had been paid that sum by the defendant; also that he was not employed by plaintiff, except as authority from her is shown. The testimony of Dietrich shows that the arrangement with the undertaker was to furnish a casket, such as he had furnished for other members of the family, and to furnish two extra carriages in addition to those necessary for the family, and if there should not be enough persons to use the extra ones, they were to be returned and only half price paid for them.

The evidence in respect to the $600 item is, in substance, as follows: Dr. John F. Abel testified that he attended the deceased professionally for a year or more prior to his death and in his last illness, and that, October 1, 1903, the deceased gave him this order:

"CHICAGO, Oct. 1, 1903.

MR. RALPH J. GOLSEN:

Please pay to Dr. John F. Abel six hundred dollars that I owe him, and charge to my account.

J. C. GOLSEN";

that he saw Ralph Golsen a few days afterward, and about two weeks before the death of Julius C. Golsen, and told Ralph that he had an order on him for $600 from J. C. Golsen, and Ralph said, "All right, Doc., I will take care of it." On cross-examination the witness testified that since the death of J. C. Golsen defendant told him that he had credited him with the order and charged it to the deceased. Asked whether the order had been paid, he said it had not,

that he always had an account with Ralph J. Golsen, which sometimes ran one way and sometimes the other.

Ralph J. Golsen, defendant, testified that the first thing he did in reference to the order was to credit Dr. Abel with it and charge it to the deceased, which he did December 1, 1903. The evidence is that the order was not formally presented to the defendant.

Counsel for plaintiff contend that the item, $198, for funeral expenses is not a proper charge, because it is not shown that it is reasonable, and because the payment of it by the defendant was voluntary. The plaintiff's attorneys made no specific objection to the evidence, on the ground that the item was not shown to be reasonable, nor did they ask for a ruling or preserve any exception. But, waiving this, we think it may be fairly inferred from the evidence that it was reasonable. Besides, the court did not allow, by its judgment, the entire claim of $198, as will hereinafter appear. The deceased had to be buried before the issuance of letters of administration, and there can be no question that the plaintiff could have legally contracted for the services of an undertaker to conduct the funeral of her deceased husband and the things necessary therefor, and that the estate would be chargeable therewith; and if she could so contract, she could authorize another to do so. A stranger under certain circumstances, and especially a relative of the deceased, may contract for the funeral of a deceased person, and pay for the same, and the expense, if reasonable, will be allowed him.

Patterson, executrix, v. Patterson, 59 N. Y. 574, 582, *et sequens*. Adams, Adm'r, v. Butts, 16 Pick. 343. The first case is authority that the claim for the funeral expenses may be set off. The statute, in classifying the order in which claims shall be paid, places first "funeral expenses and necessary cost of administration."

Counsel for plaintiff object to the $600 item, stating as grounds of objection that the order was not formally presented to the defendant, and was not accepted or paid by the defendant. The formal presentment of such an order

may be waived by the drawee. King v. Crowell, 61 Me. 244, 250. In that case a demand was made on the maker of a promissory note for payment, but the note was not produced or presented to him. He refused to pay it, and the objection was made that it was not presented. The court overruled the objection, saying: "The idle ceremony of producing the note, when the maker unqualifiedly refused to pay it, is well illustrated by C. J. Shaw, in Gilbert v. Dennis, 3 Met. 497, where he says: 'Even under the law of tender, which is extremely strict, it is held that where a party to whom a tender is to be made declares that he will not accept it, an actual production and offer of the money is not necessary.'" "No technical words are necessary to create an acceptance." 4 Am. & Eng. Ency. of Law, 2nd ed., p. 218, and cases cited. In Mason v. Dousay, 35 Ill. 424, 433, the drawee said, on presentation to him of the draft, "it was all right, and that he had told Mr. Dousay" (the payee) "that he would pay it in the course of thirty or sixty days." Held a sufficient oral acceptance. See, also, Phelps v. Northup, 56 Ill. 156.

In Ward v. Allen, 2 Metc. 53, the drawee, on presentation to him of a bill of exchange, said "it was correct and should be paid." Held a sufficient acceptance. In the present case the drawee said, "All right, Doc., I will take care of it." We think the acceptance sufficient. At the time the order or draft was drawn, the defendant was indebted to the deceased in the sum of $600, the amount of the draft. The draft in question, when the drawee was notified of it, constituted an equitable assignment to the payee, Dr. Abel, of the sum of $600 mentioned in it. Dolese v. McDougall, 182 Ill. 486, 492, and cases cited; Warren v. First Nat. Bank of Columbus, 149 ib. 9; Savage v. Gregg, 150 ib. 161. Such an equitable assignment will be protected and enforced in a court of law. Savage v. Gregg, 150 Ill., p. 167. The order of the deceased on the defendant was an appropriation of $600, which the defendant owed the deceased, to the payment of Dr. Abel's claim against the deceased, and when the defendant was notified of the order, the

money ceased to be the money of the deceased, and was not, when he died, an asset of his estate; and consequently, the plaintiff could not recover it. An acceptance of the order by the defendant was not necessary. In Warren v. First Nat. Bank of Columbus, *supra*, there was a refusal to accept the order. Ib. p. 19. See, also, Savage v. Gregg, *supra*, p. 167.

Counsel for plaintiff say the order was not admissible as a set-off, which is true, but the order and the evidence in regard to it were admissible under the general issue, to show that the plaintiff had no valid claim for the amount of the order. The claim of $198 was a valid set-off, and it is apparent that the court, if it allowed any part of that sum, only allowed sufficient of it, which added to the amount of the draft, $600, would equal the plaintiff's claim, or about $99, and it will hardly be contended that the latter sum would be an unreasonable charge for the funeral expenses.

The judgment will be affirmed.

*Affirmed.*