122        APPELLATE COURTS OF ILLINOIS.

Hoopeston National Bank v. Williams et al., 181 Ill. App. 122.

## Hoopeston National Bank, Incorporated, Appellee, v. C. C. Williams and Nathan Bond, Administrators, Appellants.

1. ADMINISTRATION OF ESTATES—*claims.* One who acquires title in a claim filed against an estate after the date of filing may prosecute the same in the name of the party filing.

2. ADMINISTRATION OF ESTATES—*where claim is filed by corporation.* That a claim filed against an estate by a corporation is afterwards transferred to a trustee for the benefit of the stockholders does not affect the rights of the trustee to continue the prosecution in the name of the corporation.

3. NEGOTIABLE INSTRUMENTS—*transfer.* Where a claim is filed against the estate of decedent, on a note claimed to have been transferred to plaintiff under a contract of sale and guaranty by a banking firm in which decedent was a partner, evidence that one of the members of the firm indorsed the firm name on the back of the note is sufficient to show it was transferred.

4. NEGOTIABLE INSTRUMENTS—*sale and guaranty.* Where a claim is filed against the estate of a decedent on a note, transferred to plaintiff under contract of sale and guaranty by a banking firm in which decedent was a partner, plaintiff having renewed the note in its own name, registered it in its register among its assets and having failed to make any complaint within the time given for acceptance, is held to have accepted it and removed it from the operation of the guaranty.

Appeal from the Circuit Court of Vermilion county; the HON. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed. Opinion filed April 18, 1913. Rehearing denied May 7, 1913.

C. M. BRIGGS and REARICK & MEEKS, for appellants.

LINDLEY, PENWELL & LINDLEY and ACTON & ACTON, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed in the probate court of Ver-

milion county by appellee against the estate of James A. Cunningham, deceased. Upon a hearing in that court judgment was rendered in favor of the appellee, and an appeal was perfected to the circuit court of that county, where the cause was heard by the court without the intervention of a jury. Judgment was rendered in favor of the appellee, from which judgment this appeal has been perfected by the administrators, etc., of said estate, to this court.

A brief history of the cause may be stated as follows: John L. Hamilton and James A. Cunningham were engaged in the general banking business at Hoopeston, Illinois, and had a large amount of negotiable paper which they sold to the appellee, and entered into a written contract of sale and guaranty, the portion of which bearing upon this case is as follows:

That Hamilton & Cunningham "guarantee the payment to the party of the second part of all commercial paper sold by them and transferred to the party of the second part. The said second party, however, shall make a reasonable effort to collect such note or notes or to secure satisfactory security, but the first parties shall not be released on the guarantee by their failure so to do. The party of the second part shall be at no expense in collecting said note or notes and shall not be compelled to enter suit against the maker or endorsers of said note or notes and any and all expense that said second party may incur in collecting said note or notes (not collected from the makers thereof) shall be paid by the parties of the first part. When said note or notes, or any of them, become due and security satisfactory to the Discount Committee, acting for the party of the second part, is not given on said note or notes then in such case the parties of the first part agree to pay the same to the party of the second part within thirty days from date of maturity, or in case the parties of the first part are willing to grant a further ex-

124    Appellate Courts of Illinois.

Hoopeston National Bank v. Williams et al., 181 Ill. App. 122.

tension of time and guarantee said notes, such extension shall be granted.''

Under the above mentioned agreement, all notes not paid at maturity and where the security was not satisfactory, Hamilton & Cunningham had the privilege of extending the time of payments to the maker or paying same themselves.

After entering into this agreement, among other notes transferred to the appellee was one for $8,800, dated June 30, 1909, and another for $5,000 dated March 23, 1909. The interest was paid on the $8,800 note for a time, and the interest was paid and two renewals made on the $5,000 note after the transfer to appellee, and the renewals of the latter note taken in the name of the appellee, the last time without security. On January 12, 1910, James A. Cunningham died, and on February 11, 1911, the said two notes together with accrued interest were filed as a claim against the estate of said James A. Cunningham.

It is contended by the appellants that these claims cannot be successfully prosecuted in the name of the appellee, because, it is said, the notes in question had been charged off of the assets of appellee's books, and placed in the hands of a trustee, with an agreement between the stockholders and the board of directors of appellee; that collections as made by the trustee should be paid to said stockholders, as the individual property of such stockholders, and that the appellee has no interest in said claims.

This contention cannot be maintained for the reason that the claims in question were held and possessed by appellee and by it filed as a claim against the estate of Mr. Cunningham, on February 11, 1911, while the agreement between the board of directors and the stockholders of appellee, under which these and other notes were placed in the hands of a trustee for certain stockholders as individuals, was not entered into until

March 20, 1911, more than thirty days after the claim had been filed.

We understand the law to be, that one who acquires title in a claim filed against an estate after the date of filing, may prosecute the same in the name of the party filing. So, if it be true that appelle has parted with its interest in the notes in question, that would not affect the rights of the subsequent purchaser to continue the prosecution of the claim in the name of the original owner. 14 Encyc. of Pl. & Pr. 441.

As to the second contention of appellants that there is not sufficient evidence in the record to show that Hamilton & Cunningham ever owned or transferred the $8,800 note, we cannot agree. While there is conflict in the evidence, in which Mr. Hamilton, in part, disagrees with the evidence offered in support of this ownership and transfer of the note in question, yet, he admits that the note came to his knowledge and that he endorsed it by writing the name of Hamilton & Cunningham across the back of the note, all of the facts and circumstances in proof in this record, aside from the evidence of Mr. Hamilton, supports the contention of the appellee as to this note, and we are of the opinion that this was one of the negotiable instruments transferred and guarantied by the firm of Hamilton & Cunningham, and that the same has not been paid or satisfactorily secured.

As to the $5,000 note in question, we entertain a different view after a full investigation of the proof in this record.

It appears that this note was given to Hamilton & Cunningham by the Hoopeston Malleable Iron Works, by F. A. Smith, secretary and treasurer and by S. D. Porter, and bears date of March 23, 1909. This note was indorsed personally by said F. A. Smith and S. D. Porter, on the back, and was transferred to the appellee and indorsed on the back by Hamilton & Cun-

126    APPELLATE COURTS OF ILLINOIS.

Hoopeston National Bank v. Williams et al., 181 Ill. App. 122.

ningham. It was renewed on July 27, 1909, and again renewed on November 27, 1909, but the renewal was taken in the name of Hoopeston National Bank, appellee, and was signed by Hoopeston Malleable Iron Works, by. F. A. Smith, secretary and treasurer, and by S. D. Porter, president. No indorsement by Hamilton & Cunningham appears upon this note, and neither do the names of F. A. Smith and S. D. Porter appear thereon as indorsers, and there is nothing in this record to indicate that when this renewal was taken by appellee and the note registered among its assets, bearing number 896, it was not perfectly satisfied with the security.

It is contended by appellee that in this written assignment and guaranty it was not the duty of appellee's discount committee or the officers of its bank, to make its objections to the sufficiency of the securities known to Hamilton & Cunningham.

Whatever may be said as to how the knowledge should be brought about, the agreement entered into provides, in effect, that such of the notes as are satisfactory to the discount committee acting for appellee should be accepted, and those not satisfactory as to security, should be paid by Hamilton & Cunningham, or further time arranged, within thirty days.

The action of the appellee in renewing this note in its own name, registering it in its own register and giving it a number in its register and omitting a portion of its security, to-wit: the personal indorsement of F. A. Smith and S. D. Porter, and making no complaint to either Hamilton or Cunningham, is, in effect, and in law, an acceptance of this note, and removes it from the list guarantied by the written contract of Hamilton and Cunningham, and Hamilton & Cunningham's name not appearing upon the note as indorsers, it can not be chargeable to the estate of Mr. Cunningham.

Under the view we take of this cause, the $8,800 note

should be allowed as a claim against the appellants. According to the indorsement on the said note the interest was paid thereon up to the 3rd day of January, 1910. The note provided for seven per cent interest. Therefore, the total amount due on said note at this time, with accrued interest thereon, amounts to the sum of $10,828.17; and as no good purpose could be accomplished by remanding the cause to the trial court, judgment will be entered in this court for that sum in favor of the appellee and against the appellant administrators, to be paid in due course.

The cost of appeal shall be taxed against appellee.

Judgment reversed, with final judgment in this court.

*Reversed.*