In re Estate of Kinga Dickson, Deceased.
Anna Mikolajczak, Appellant, v. John J. Dickson,
Administrator of Estate of Kinga Dickson, Deceased, Appellee.

Gen. No. 41,915.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed December 9, 1942. Rehearing denied January 6, 1943.

SMIETANKA, CONLON & NOWAK, of Chicago, for appellant; LEON J. NOWAK and GEORGE H. MORTON, both of Chicago, of counsel.

THOMAS F. ALLMAN, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

It appears from the facts that are in the record in this case that Kinga Dickson died on the 2nd day of

December, 1936. Letters of administration on her estate were issued by the probate court of Cook county on the 19th day of December, 1936, to John J. Dickson, her husband. Adam M. Lulinski and Aloysius Lulinski are undertakers. On, or shortly after the 2nd day of December, 1936, the date of death of said Kinga Dickson, the said administrator, John J. Dickson, contracted with one Aloysius Lulinski for the burial of said Kinga Dickson, and pursuant thereto said Kinga Dickson was buried by said Adam M. Lulinski. The amount of the funeral was $562.60. The appellant herein, Anna Mikolajczak, mother of the deceased, at the request of John J. Dickson, administrator, and the said Aloysius Lulinski, undertaker, paid the funeral bill to said Lulinski with the understanding that said undertaker file his claim against the estate in the probate court and that she would be subrogated to the claim of said undertaker. Thereafter and on the 4th day of December, 1937, and within one year from the time of granting of letters of administration, Adam M. Lulinski, undertaker, filed his claim for $562.60 against the estate in the probate court of Cook county.

On the 23rd day of June, 1939, appellant herein, Anna Mikolajczak, filed her petition in the probate court of Cook county, reciting the above facts, and requesting that an order be entered that she be subrogated to all the rights that Adam M. Lulinski, the undertaker, might have as claimant against said estate.

Upon hearing the evidence and argument on her petition the probate court of Cook county ruled that Anna Mikolajczak, volunteered the payment of the funeral bill and denied the prayer of her petition. The probate court thereupon entered its order accordingly and further ordered that the claim of the undertaker be dismissed.

Anna Mikolajczak, appellant herein, appealed from said order to the circuit court of Cook county and upon her appeal to the circuit court demanded a trial

*de novo* by jury. The circuit court heard preliminary argument by counsel and entered an order on the 30th day of October whereby it denied the prayer of Anna Mikolajczak for subrogation, denied the motion to dismiss the claim of Adam M. Lulinski, remanded the same to the probate court for further consideration, and permitted Anna Mikolajczak to intervene in the probate court.

The matter was subsequently heard by the probate court on the petition of Thomas F. Allman, attorney for John J. Dickson the administrator, and on January 2, 1941, the probate court entered an order providing, among other things, that the order previously entered by said court on the 2nd day of November, 1939, be affirmed and that the prayer of Anna Mikolajczak be denied. A further order was entered by the probate court on the 31st day of January, 1941, whereby it was ordered that the relief prayed for by Anna Mikolajczak be denied without prejudice.

Anna Mikolajczak again appealed to the circuit court of Cook county from the order of the probate court affirming its former decision and order denying the prayer of the petition. On the second appeal, Anna Mikolajczak filed her usual bond duly approved. She also filed a demand for jury trial in the circuit court.

The matter of appeal from the probate court came on again to be heard upon the motion of John J. Dickson, administrator. It was heard by the Honorable WILLIAM V. BROTHERS in the circuit court. The court heard preliminary argument by counsel and assumed the facts to be as recited in the order entered on the 28th day of April, 1941, from which order this appeal is taken to this court.

Anna Mikolajczak, upon appeal from the probate court to the circuit court suggests that the case should be heard *de novo* and that the circuit court should retain jurisdiction of the case and enter the appropriate

order; that the circuit court, having assumed certain facts to be as recited in the order made by it on April 28, 1941, denied petitioner a trial *de novo* by a jury as demanded; that no facts were before the court, no evidence presented, and no evidence stipulated as recited in said order, and that the court gathered the facts merely from the argument of counsel.

Appellant herein calls attention to the Probate Act which provides:

"Upon an appeal to the circuit court the cause shall be tried *de novo*. An appeal may be taken from the circuit court as in other civil cases." (Probate Act, sec. 333.)

Our attention is also called to the case of *Richardson v. Emberson*, 96 Ill. App. 403, where the court said:

"The appeal therefrom was properly taken to the circuit court which should have proceeded to hear *de novo* the matters involved."

It was further urged that upon the first appeal to the circuit court where an order was entered on the 30th day of October, 1941, it was provided that the matter of the claim of Anna Mikolajczak be referred back to the probate court, and that, while the circuit court had no power to refer the matter back to the probate court, its doing so was merely an irregularity and that where a second appeal is taken no harm is done by the irregular practice, but that the circuit court should have retained the case for final hearing upon the questions raised by the appeal. *American Surety Co. v. Sperry*, 171 Ill. App. 56 is cited. It is also urged that the effect of the appeal is to vacate the judgment appealed from, citing *Anderson v. Patty*, 168 Ill. App. 151.

The funeral bill was paid by the appellant at the request of the administrator and Lulinski the undertaker. She was induced to make the payment upon the representations of the administrator and the un-

dertaker that if she paid the funeral bill Lulinski the undertaker would file a claim against the estate for the amount of the bill, and that upon his filing the bill she would be subrogated to all the rights of the undertaker therein.

According to the facts, the appellant paid the bill and Lulinski the undertaker filed his claim against the estate for the amount of the bill, and appellant therefore seeks subrogation in accordance with the agreement made with her by the administrator and Lulinski the undertaker. Appellant suggests that she paid the debt of another at his request, and that in such case she does not occupy the position of a mere volunteer, and cites in support of her suggestion the cases of *Home Savings Bank v. Bierstadt,* 168 Ill. 618; *Golsen v. Golsen,* 127 Ill. App. 84; and *Hoopeston Nat. Bank v. Williams,* 181 Ill. App. 122. Appellant also calls to our attention that the probate court, when adjudicating upon matters pertaining to the settlement of estates, is clothed with authority to exercise equitable powers like those of a court of equity, and cites in support of her position the case of *Shepard v. Speer,* 140 Ill. 238.

The defendant, appellee, suggests that appellant is not entitled to subrogation and urges that there are three reasons why, assuming all the facts alleged in appellant's answer are true, she was not entitled to subrogation, and suggests that the reasons apply even more strongly to the allegations of the petition she filed on June 23, 1939, and that this explains the attempt to alter the allegations somewhat. The defendant contends that the facts which have been called to the attention of the court, assuming that they were true, would not bring the situation within the field or scope of the principle of subrogation. In supporting this view he questions the citation by the appellant from *Home Savings Bank v. Bierstadt,* 168 Ill. 618, calling to our attention that the following did not appear

in appellant's brief but appears at page 624 of the opinion of the Supreme Court:

"But in addition to this principle of legal subrogation there exists another principle, which is termed conventional subrogation, which results from an equitable right springing from an express agreement with the debtor, by which one advances money to pay a claim for the security of which there exists a lien, by which agreement he is to have an equal lien to that paid off, whereupon he is entitled to the benefit of the security which he has satisfied with the expectation of receiving an equal lien. . . .

"It is the agreement that the security shall be kept alive for the benefit of the person making the payment which gives the right of subrogation, because it takes away the character of a mere volunteer."

Appellee then points to the fact that Adam M. Lulinski merely filed a claim against the estate, that it had not been allowed and he factually had no claim against the estate at the time he filed his claim since appellant avers that she paid him for the services which he rendered, upon his promise to file a claim, that his was not a "claim for the security of which there exists a lien," and since Adam M. Lulinski had no lien of any kind, he could not agree that appellant was "to have an equal lien to that paid off," and that there was no allegation of an agreement "that the security shall be kept alive."

When we come to consider the leading question which is involved in this matter, there is no real difference between conventional and legal subrogation, except that in the former there must be an express agreement with the debtor, by which one person pays a debt for the security of which there exists a lien, while in legal subrogation there need be no such express agreement, but there must be the relation of principal and surety or the like.

Upon the second question that is called to the attention of the court, why the appellant is not entitled to subrogation, appellee suggests that neither legal nor conventional subrogation is ever allowed to a volunteer or one who pays a debt voluntarily. In this regard he quotes *Suppiger v. Garrels*, 20 Ill. App. 625, where at pages 628, 629 the court says:

"Appellants base their claim to share equally with appellee Garrels, upon the doctrine of subrogation. Unless appellants have shown that Ryhiner & Co. were in some way liable to pay the note and interest in question, that doctrine has no application. A mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. (Citations.) A stranger within the meaning of this rule is not necessarily one who has had nothing to do with the transaction out of which the debt grew. Any one being under no legal obligation or liability to pay the debt is a stranger, and if he pays the debt, a mere volunteer."

To the same effect is *Bennett v. Chandler*, 199 Ill. 97, where the court quotes the *Suppiger* case and approves that which the court said in its opinion:

"Inasmuch, therefore, as Chandler was a mere volunteer, he was not subrogated in any way to the rights of Mrs. Green, as the holder of the coupons in question."

It is urged that assuming that appellant had a right to subrogation, there exists a third reason why it would not be granted her in this matter: Her right to be subrogated would have arisen at the time of the alleged payment and agreement, if at all. A claim for subrogation is no different than any other claim. Then she would be required to file a claim therefor within one year from the date of letters of administration.

In considering the law and applying it to the facts that we have before us, it does not appear that the appellant in this action had any different cause of action than a claimant who filed a claim for services rendered. She was a stranger in this action, and could not be a proper claimant of the undertaker's claim under the circumstances.

The suggestions that were offered by the appellant in support of her position on this appeal were given careful consideration, and we are of the opinion that the order entered by the court on April 28, 1941 should be affirmed.

*Order affirmed.*

BURKE, P. J., and KILEY, J., concur.